## HALL v. WOODWARD.

1. The statement by the Circuit decree and in the opinion of the Supreme Court of two facts alleged in the complaint and admitted in the answer, is not such an adjudication of those facts as to preclude the defendant from subsequently making an issue as to them by an amended answer.

2. Motions to amend pleadings are ordinarily within the discretion of the Circuit Judge. The disadvantage to which an amendment will put the other party is a matter to be considered by the Circuit Judge.

3. The limitation, that the amendment shall not "change substantially the claim or defence," applies only to amendments applied for during or after the trial, and not to an amendment of the answer allowed before a new trial had under a judgment of the Supreme Court.

4. An answer that presents two issues material to the plaintiff's case is not frivolous or evasive; and after they have been adjudged in defendant's favor by the Circuit decree, they cannot be declared to be manifestly untrue.

5. An exception alleging that the answer is insufficient, without stating the grounds of insufficiency, may be disregarded as too general.

6. Where defendant is sued as surety on a note which has not been seen by him for over twenty years, and is lost and cannot now be seen, a denial of his signature on information and belief is sufficient to put in issue the execution of the note. *Savings Bank* v. *Strother*, 22 S. C., 552.

7. A failure to deny having signed a note as co-surety with A does not estop defendant from denying that he signed the note, or that A was a surety, as against an assignee for value from A.

8. In action by the assignee of A to recover contribution from defendant as a co-surety of A, plaintiff must prove that defendant signed the note and that A was not the principal. The Circuit Judge, from testimony heard by him, having found that plaintiff had failed so to prove, and plaintiff not showing that such findings were without evidence to support them, or were manifestly against the weight of the evidence, they must stand.

9. Matters charged in a complaint were admitted in the answer. Afterwards an amended answer, denying these matters, was substituted by order of court. *Held*, that the original answer was no longer a pleading in the cause, but was admissible in evidence as an admission by defendant, but is not conclusive.

10. Judgment by the payee of this note against one of the makers (defendant not being a party to the action), and a copy note found in the office of the deceased attorney of the payee (the original being lost) are not competent evidence against the defendant in this action.

Before WALLACE and WITHERSPOON, JJ., Fairfield, September, 1887, and February, 1888.

The order of Judge Wallace was a short order granting the motion for leave to amend, on the authority of *Savings Bank* v. *Strother*, 22 S. C., 552. Judge Witherspoon's decree fully states the case, and was as follows :

This is an action for contribution among sureties. The plaintiff, in substance, alleges in his complaint that on December 21, 1860, one W. E. Hall, as principal, together with Daniel Hall, E. J. Hall, Edward G. Palmer, and the defendant, Thomas W. Woodward, as *sureties*, executed and delivered their joint and several sealed note, payable in the sum of three thousand dollars, to Mrs. Isaiah Mobley, or bearer, one day after date, with annual interest; that on January 21, 1868, Mrs. Isaiah Mobley, suing for John Mobley, obtained judgment in the common pleas for Fairfield County against Daniel Hall, one of said sureties, for the sum of $4,169.72, the balance due on said note; that on April 23, 1885, according to a previous agreement between plaintiff and his father, Daniel Hall, sr., the judgment debtor, and in part consideration of a tract of land conveyed to plaintiff

by his father, Daniel Hall, sr., the plaintiff paid three thousand one hundred and fifty-nine 71-100 dollars, the balance then remaining due on said judgment, and had said judgment marked satisfied; that under the agreement between plaintiff and his father, Daniel Hall, sr., the judgment debtor, the said Daniel Hall, sr., assigned to plaintiff his right of contribution against his co-sureties on said note; that W. E. Hall, the principal debtor, and Edward G. Palmer, one of the co-sureties, are both dead, and their respective estates are insolvent; that E. J. Hall, one of the other co-sureties, is insolvent, and resides beyond the limits of this State. Plaintiff, as assignee of Daniel Hall, sr., brings this action to compel the defendant, Thomas W. Woodward, as the only surviving solvent surety on said note residing in this State, to contribute one-half of the amount aforesaid, alleged to have been paid by plaintiff in satisfaction of the judgment against Daniel Hall, sr., on the note aforesaid.

At a former trial of this cause the Circuit Judge sustained the defendant Woodward's plea of payment arising upon the presumption of payment arising from lapse of time, without considering any of the other defences interposed by the defendant. The plaintiff appealed, and the judgment of the Circuit Court was reversed, and the cause remanded to the Circuit Court for a new trial. In his original *verified* answer the defendant, Thomas W. Woodward, admitted the execution of the note by W. E. Hall, as principal, and by the other obligors named as sureties as alleged in the complaint.

After the case had been remanded to the Circuit Court for a new trial the defendant, Woodward, was permitted to amend his answer by denying knowledge or information sufficient to form a belief as to the execution of the note as alleged in the complaint. The amended answer further alleges that the note referred to in the complaint has been paid and discharged.

The cause was heard by the court upon calendar No. 2 upon the amended pleadings, the evidence, and the argument of counsel. The right of contribution among sureties rests rather upon principles of equity than upon contract. To maintain this action it must affirmatively appear that Daniel Hall, sr., plaintiff's assignor, and the defendant, Woodward, executed, as co-sureties,

the note referred to in the complaint, and that plaintiff, as assignee of Daniel Hall, sr., has paid more than the proportionate share of Daniel Hall, sr., of a common liability assumed by the said Daniel Hall, sr., and Woodward, by the execution of said note as sureties. It appears from the evidence that a judgment was obtained by Mrs. Isaiah Mobley (for another) against Daniel Hall, sr., at the time and for the amount as alleged in the complaint; that on April 23, 1885, the plaintiff paid to Col. James H. Rion, attorney, for plaintiff in said judgment, $3,159.71, the balance then remaining due by Daniel Hall, sr., upon the note upon which said judgment was obtained, and that the judgment was marked satisfied; that Daniel Hall, sr., December 8, 1885, under seal assigned to plaintiff his right to contribution against his co-obligors on said note, in pursuance of a former agreement between himself and the plaintiff; that W. E. Hall and Edward G. Palmer have departed this life, and their respective estates are insolvent; that Daniel Hall, sr., plaintiff's assignee, departed this life pending this action; that the defendant, Thomas W. Woodward, and E. J. Hall are the only surviving obligors named in the complaint, the said E. J. Hall now being a resident of the State of Louisiana.

The note upon which the judgment was obtained against Daniel Hall, sr., could not be produced. It appears that the original note was taken out of the record by Col. Rion, plaintiff's attorney, in said judgment, and sent to Savannah. I am satisfied from the evidence that plaintiff has, in good faith, exhausted in a reasonable degree, all of the sources of information and means of discovery accessible to him, in his efforts to produce the original note upon which the judgment was obtained against Daniel Hall, sr. Plaintiff contends that as the alleged execution of the note by the defendant, Woodward, is *presumed* to be with his personal knowledge, the execution of the note cannot be put in issue under the denial in the amended answer of knowledge and information sufficient to form a belief. If the note alleged to have been executed by Woodward could be produced for his inspection and to refresh his memory, the denial of knowledge or information sufficient to form a belief in the amended answer

would not put in issue the execution of said note. But when, as in this case, the note alleged to have been executed more than twenty-five years ago, cannot be produced, and Woodward *swears* that he has no recollection of ever having signed said note, I am of opinion that the denial in the amended answer does put in issue the execution of the note by Woodward, as alleged by plaintiff.

To prove the execution of the note by the defendant and Daniel Hall, sr., as sureties, as alleged in the complaint, the plaintiff introduced as *evidence* defendant's original verified answer, admitting the execution of the note, as alleged in the complaint. Whilst the original answer cannot be regarded as a *pleading,* yet it is competent to introduce it as evidence of defendant's admissions, subject to explanation by the defendant of the circumstances under which the admissions were made. To establish the execution of the note by the defendant, Woodward, plaintiff also introduced certain declarations by the defendant, Woodward, made in the presence of D. A. Crawford and W. L. McDonald, Esqs. It appears that the defendant, Woodward, last fall stated in the presence of the witness, Crawford, that he would neither admit nor deny that he signed the note, that the note had been destroyed, and that they could not prove that he signed it. It also appears that the witness, McDonald, was the first person to inform the defendant, Woodward, that the Supreme Court had reversed the former judgment in defendant's favor, and the defendant replied, That is what a man gets for going security debts—that he had paid several thousand dollars of security debts, and was getting tired of it.

Upon the introduction of this evidence, plaintiff was permitted to introduce the judgement of Mrs. Isaiah Mobley for another, against Daniel Hall, sr., to *prove the contents of the lost note* upon which said judgment was obtained. Upon the declaration in said judgment roll the following copy of a note is *endorsed:*

One day after date we, or either of us, promise to pay Mrs. Isaiah Mobley, or bearer, three thousand dollars, with interest

from date, the interest to be paid annually, for value received. Witness our hands and seals, 21 day of December, 1850.

| (Signed) | W. E. HALL, | [Seal.] |
| (Signed) | E. J. HALL, | [Seal.] |
| (Signed) | DANIEL HALL, | [Seal.] |
| (Signed) | T. W. WOODWARD, | [Seal.] |
| (Signed) | EDWARD G. PALMER, | [Seal.] |

Plaintiff also introduced for the same purpose a copy of a note found in the office of. Col. Rion.

The defendant, Woodward, testified that he had no recollection of ever having signed the note referred to in the complaint, that when called upon to verify the original answer, he informed his counsel, Col. J. H. Rion, that he had no recollection of ever having signed the note, and that he verified the original answer, after being advised by his counsel that it was a matter of form.

It is insisted that the *execution* of the note by the defendant, Woodward, as surety, as alleged in the complaint, has not been established by the preponderance of the evidence. As the defendant, Woodward, was not a party to the judgment against Daniel Hall, sr., and as it does not appear that he has ever made payments on said judgment, or the lost note upon which the judgment was obtained, I do not think that he is bound by any of the recitals in said judgment against Daniel Hall, sr. Nor do I think he can be held bound by any receipt given or declaration made by Col. Rion *as the attorney of the plaintiff in said judgment.* Woodward cannot be held bound by the recitals of Daniel Hall, sr., in the assignment of his right of contribution to the plaintiff. Such recitals, as evidence against Woodward, must be regarded as the declaration of Daniel Hall, sr., *in favor* of his assignee, the plaintiff.

The admissions by the defendant, Woodward, in his original answer, together with his declarations in the presence of the witnesses, Crawford and McDonald, are relied upon by the plaintiff to establish the fact of the execution of the note by Woodward, as surety, as alleged in the complaint. The fact that the admissions in the original answer were made *under oath* adds to the weight of such admissions as *evidence*, but that fact does not ren-

der such admissions *conclusive* as evidence. The burden, however, rests upon the defendant, Woodward, to relieve himself of the weight that would otherwise attach to admissions in the original answer as evidence. It is for the court to determine, as matter of fact, whether greater weight as evidence should be given to the admissions in the original answer, or to the testimony of Woodward at the hearing. I am satisfied that the denial of knowledge or information sufficient to form a belief in the amended answer was interposed in good faith.

The plaintiff's assignor, Daniel Hall, sr., was then living. From my knowledge of the defendant, Woodward, and from confidence in his testimony, I conclude that he never *intended* to *admit* the allegations of the complaint as to the alleged execution of the note when he verified his original answer. In view of the circumstances under which the original answer was verified, I do not think that the defendant, Woodward, should be held bound by his admissions as to the execution of the note contained in said answer. It seems to me that the declaration of Woodward in the presence of Crawford rather tends to negative the execution of the note as alleged in the complaint. Woodward's reply to McDonald could very well be referred to the final effect that he apprehended, when he first heard of the reversal of the former judgment in this case in his favor, especially as the execution of the note had not been then mentioned. I am of the opinion that the testimony of Woodward has removed the weight that should be given to the admission in the original answer, as well as the declarations made in the presence of the witnesses above named, considered as evidence in the case in the trial of the cause under the amended answer.

The copy note endorsed on the declaration in the judgment, as well as the copy note found in Col. Rion's office, were introduced to prove the *contents* of the *lost note*, upon which the judgment was obtained against Daniel Hall, sr. The execution by the defendant, Woodward, of the lost note cannot be established by such secondary evidence, especially as it has been made to appear that E. J. Hall, one of the alleged sureties on said lost note, lives in Louisiana, and has not been examined with reference to the execution of said lost note. Until the contrary appears, it is to be

presumed that E. J. Hall has some knowledge of the execution of the lost note by Daniel Hall, sr., and the defendant, Woodward, as sureties, as alleged by plaintiff. No .reason has been shown why the testimony of E. J. Hall has not been produced.

It is true that E. J. Hall lives beyond the jurisdiction of this court, but according to the rules with reference to the introduction of secondary evidence, especially when relied upon to prove the execution of a lost instrument, I do not think the fact of non-residence can relieve the plaintiff from the necessity of providing such evidence, or at least of furnishing the court with satisfactory reasons why such evidence has not been produced, before the plaintiff would be permitted to resort to secondary evidence to prove the execution of a lost note. I conclude, as matter of law, that the execution of the lost note cannot be established by the copies introduced.

Plaintiff must not only prove the execution of the note by the defendant, Woodward, but must also show affirmatively that the said defendant was a co-surety with Daniel Hall, sr., on said note. Even if the execution of the note by Woodward could be established by the copies of the lost note introduced, the copies do not furnish any evidence that Woodward was co-surety with Daniel Hall, sr., on said note. As the lost note is joint and several, each of the obligors named may be regarded as principals. The order in which the names of the obligors appear in the copies does not indicate the relation that the obligors sustained to each other. The fact that W. E. Hall's name appeared first on the note, and that H. A. Gaillard, as administrator of W. E. Hall, regarded the lost note as the note of W. E. Hall, only tends to show that W. E. Hall was one of the obligors on the lost note, but does not prove that W. E. Hall was the principal obligor on the lost note, as alleged by plaintiff.

I find, as matter of fact, that plaintiff has failed to establish by the preponderance of the evidence that the defendant, Thomas W. Woodward, executed the note, as surety, with Daniel Hall, sr., as alleged in the complaint. I conclude, as matter of law, that the plaintiff is not entitled to the relief which he demands in the complaint.

This has been treated by counsel as a cause in equity. Whilst

the plaintiff's complaint must be dismissed on the ground that the execution of the note by the defendant, Woodward, as surety, has not been established, I think the defendant, Woodward, should pay the costs of the action that accrued prior to the amendment of his answer.

It is ordered and adjudged, that plaintiff's complaint herein be dismissed, with the costs of this action that have accrued since the defendant Woodward's answer was amended. It is further ordered and adjudged, that the defendant, Woodward, do pay the costs of this action that accrued prior to the amendment of his answer, said costs to be taxed by the clerk of court.

The plaintiff appealed from the order of Judge Wallace and the decree of Judge Witherspoon, upon exceptions which raised the points considered by the court.

*Messrs. Ragsdale & Ragsdale,* for appellant.

*Messrs. Obear & Rion* and *W. H. Lyles,* contra.

April 11, 1889.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiff brings this action as assignee of his father, Daniel Hall, sr., against the defendant, Woodward, to recover one-half of the amount paid by. him in satisfaction of a judgment which had been recovered against Daniel Hall, sr., on a note, upon which it is alleged he and Woodward were joint sureties. In his original answer the defendant raised no issue, either as to the execution of said note by him, or as to the fact that he and Daniel Hall, sr., were co-sureties on said note, but rested his defence upon other grounds, one of which was that the note was presumed paid as to him by lapse of time before the judgment was paid by the plaintiff herein. At the first trial the Circuit Judge, without considering any of the other defences, sustained the plea of payment presumed from lapse of · time, and upon that ground alone rendered judgment dismissing the complaint. From that judgment the plaintiff appealed, and this court reversed the judgment and remanded the case for a new trial. See the case as reported, 26 S. C., 557.

As soon as the *remittitur* was sent down. and before the next succeeding term of the Court of Common Pleas, the defendant gave notice that he would move to amend his answer by substituting in place of the answer originally filed another answer, a copy of which, together with certain affidavits set out in the "Case," was served with the notice of the motion. Upon these papers, as well as certain affidavits submitted by plaintiff, likewise set out in the "Case," the motion was heard and granted by Judge Wallace. From the order granting this motion, the plaintiff gave due notice of appeal, but by an arrangement between the parties the hearing of this appeal was suspended until the final disposition of the case on the merits.

In pursuance of this arrangement the case was heard on the merits by Judge Witherspoon at the next term of the court upon the pleadings as amended. The amended answer purports to put in issue both the fact of the execution of the note by Woodward and the fact of his co-suretyship with Daniel Hall, sr., by denying any knowledge or information sufficient to form a belief as to either of these facts. Judge Witherspoon finding, as matter of fact, that the plaintiff had failed to show by a preponderance of evidence either the execution of the note or that he and Daniel Hall, sr., were co-sureties thereon, rendered judgment that the complaint be dismissed, with certain provisions as to the costs, which need not be stated, as there is no controversy here in reference to that portion of the judgment. From this judgment plaintiff also appeals upon the several grounds set out in the record.

We will first consider the appeal from Judge Wallace's order granting leave to substitute the amended answer for the one originally filed. The first exception to this order is that the issues sought to be raised by the amended answer were *res adjudicata* by the former decision in this case. These issues were as to the execution of the note by Woodward and the fact of his co-suretyship with Daniel Hall, sr. As it is quite clear that no such issues were presented by the pleadings at the former trial, it is difficult to conceive how they can be regarded as *res adjudicata*. Neither the Circuit nor Supreme Court was called upon to determine anything whatever in regard to these facts, and

accordingly, so far from undertaking to do so, both the Circuit Judge and this court expressly said that the only question to be consered was whether the plea of payment, resting on the presumption arising from lapse of time, could be sustained, and it is quite manifest that that was the only issue considered or determined.

The second exception to the order is that the Circuit Judge erred in holding that the proposed amendment was in furtherance of justice. Ordinarily, motions to amend are addressed to the discretion of the Circuit Court, and whether a proposed amendment is in furtherance of justice, is a matter to be determined by that court upon a review of all the circumstances. The consideration so earnestly urged that the plaintiff, by the death of witnesses, was put at a disadvantage, was a very proper matter to be considered by the Circuit Judge, and no doubt it was allowed by his honor all due weight; but it was not conclusive or controlling.

The third exception is that the motion to amend was improperly granted, because, by the proposed amendment, the defendant is allowed to change his defence. Section 194 of the Code reads as follows: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved." It is very obvious that the power of amendment conferred by this section is very broad, though not entirely unlimited; and the appellant, by this exception, contends that one of these limitations is that "the claim or defence" shall not be substantially changed by an amendment.

It seems to us, however, that this limitation applies only to cases where an amendment is applied for during or after the trial. This is shown by the language used in the latter part of the section where the limitation is found—"by conforming the pleading or proceeding *to the facts proved*"—showing clearly that it is

confined to applications for amendment during or after the trial; for then only could it be ascertained what facts were proved, to which the pleading can be made to conform. The reason for the distinction is manifest; for where a party has come prepared to meet a certain claim or defence, it would be clearly unjust to permit such claim or defence to be changed substantially in the midst of the trial, or after it was concluded, though there would be no injustice in permitting an amendment which made no substantial change in the claim or defence, but simply supplied some formal matter, which did not go to the merits of the issue which has been, or is being, tried. But this would not apply to an amendment made *before trial;* for there the amendment can operate no surprise, as the other party, if he moves for it, can always obtain time to answer such amendment. See *Cleveland* v. *Cohrs,* 13 S. C., 397; *Coleman* v. *Heller, Ibid.,* 491. Where, however, the amendment is applied for during or after the trial, in order to conform the pleadings to the facts proved, as in *Trumbo* v. *Finley* (18 S. C., 316), and *Dunsford* v. *Brown* (19 *Id.,* 567), no opportunity can be afforded the other party to meet the claim or defence as changed by the amendment, and hence there is eminent propriety in such cases in prohibiting an amendment which changes substantially the claim or defence.

If any authority be needed to sustain this construction of section 194 of the Code, it may be found in the cases cited in the argument of Mr. Obear, one of the counsel for respondent.[1] This construction of the code has been acted upon by this court in several cases. Amongst others, see *Mason* v. *Johnson,* 13 S. C., 21; *Cleveland* v. *Cohrs, Ibid.,* 397; and *Nesbitt* v. *Cavender,* 27 *Id.,* 1, in which last named case this court, after ordering a new trial, granted leave to the plaintiff to amend his complaint so as to raise a new issue. In this case the leave to amend was granted, not only before the trial, but at the preceding term

---

[1] The cases cited by Mr. Obear upon this point are to be found reported as follows: 11 How. Prac., 170; 7 J. & Sp. (N. Y.), 277; 21 S. C., 241; 7 How. Prac., 294; 3 Abb. Prac., 86; 51 Barb., 629; 53 *Id.,* 571; 3 Abb. Prac. (N. S.), 359; 49 N. Y., 80; 4 Wait Prac., 661; 13 S. C., 21, 495; 20 *Id.,* 522.—REPORTER.

of the court, and could not, therefore, operate as any surprise to the plaintiff.

The fourth exception is based upon the ground, that the proposed amended answer "is frivolous, evasive, and insufficient." That it is not frivolous or evasive, is shown by the fact that it presents two issues—one as to the execution of the note, and the other as to the fact of co-suretyship—which were essential to the maintenance of the plaintiff's case; and in view of the fact that both of those issues have been determined adversely to the plaintiff by the Circuit Court after a full hearing, we certainly cannot say that the allegations upon which they rest were manifestly untrue. As to the insufficiency of the answer, there is no specific statement in the exceptions as to the ground upon which it is alleged to be insufficient; and under a strict practice, we would be justified in disregarding this branch of the exception. But as we have been able to gather from the argument in what respect the answer is supposed to be insufficient, we will not decline to consider the question.

As we understand it, the ground upon which the answer is claimed to be insufficient, is that it simply denies any knowledge or information sufficient to form a belief as to whether defendant executed the note, and that such a denial is insufficient to present an issue as to the execution of a written instrument. This may be true, as a general proposition, *where the instrument is accessible;* for the Code, proceeding upon the theory that mere formal proof should be dispensed with, and the parties brought to the real issues involved, does not permit a denial of knowledge or information sufficient to form a belief as to the existence of a fact, the truth of which can be readily ascertained, as, for example, a record in a public office, or any other writing to which the party can gain access, to be regarded as sufficient to raise an issue. But to apply this rule to such a case as this, would be a perversion of its true object and real design. Here, the note has been lost for some nineteen or twenty years, and the defendant not having any opportunity to examine it, and it not having been brought to his attention for more than twenty years, we do not see how he could truthfully say more than he has done. But we

need not say more upon this point, as the question is concluded by the case of *Savings Bank* v. *Strother*, 22 S. C., 552.

The fifth exception imputes error to Judge Wallace in not holding that the defendant was estopped by his conduct from denying either that he had signed the note, or that he and Daniel Hall, sr., were co-sureties. We are unable to find any evidence in the conduct of the defendant which would raise such an estoppel. He certainly never said or did anything calculated to induce the plaintiff to make the payment on the judgment; for, so far from admitting his own liability, he constantly denied it. The fact that he did not place his denial upon the distinct ground that he had never signed the note, or that he and Daniel Hall, sr., were co-sureties, cannot affect the question. It seems to us that the whole conduct and conversation of the defendant, instead of encouraging the plaintiff to make the payment, should have had precisely the contrary effect. He certainly never admitted his liability, and never admitted signing the note or the fact of co-suretyship, until he filed his original answer, which being long after the plaintiff made the payment, could not possibly have induced such payment. The utmost that can be said is, that the defendant never denied signing the note or the fact of his co-suretyship; and we do not see that he was under any obligation, either legal or moral, to make such denial until called upon by proper authority.

It seems to us, therefore, that none of the exceptions to Judge Wallace's order can be sustained.

We come, next, to the appeal from Judge Witherspoon's decree. The second, third, seventh, and eighth exceptions to this decree have already been disposed of in considering the appeal from Judge Wallace's order. The first, fourth, sixth, and tenth exceptions simply impute error in matters of fact. The fifth and ninth exceptions raise questions as to the competency and effect of certain documentary evidence.

First, as to the questions of fact. Under the well settled rule of this court, the appellant must show either that the findings of fact in the court below are without any testimony to support them, or are manifestly against the weight of the testimony; and this, we think, he has failed to do. It was essential to the plaintiff's

37—30

case to show affirmatively, not merely that defendant executed the note, but that he and Daniel Hall, sr., were co-sureties. When he introduced in evidence the defendant's original answer, admitting these facts, which, we think, was competent evidence, just as any other written or verbal admission made by defendant, he made out a *prima facie* case, which threw the burden of proof upon the defendant to rebut or explain such admissions, and Judge Witherspoon very properly gave the plaintiff the benefit of this view. As we have said, this original answer was competent evidence, just as a letter or any other writing signed by the defendant would have been, but it was not conclusive of the facts therein stated. If it had remained as a part of the pleading, then it would have been an admission of record and conclusive. But when it was "sponged out" as a part of the pleading—to use the expression found in some of the cases—it lost its conclusive character, and stood like any other written or verbal admission which the defendant may have made, open to explanation; and the Circuit Judge has found as matter of fact, that this admission has been explained away—that it was made unadvisedly, and with no intention to admit the fact that the note was signed by the defendant as a co-surety with Daniel Hall, sr., and, under the rule, we cannot say that the Circuit Judge has erred in such finding. On the contrary, all the circumstances would seem to indicate that he reached a correct conclusion. Without the admissions found in the original answer, it seems to us that there is absolutely no evidence that defendant and Hall were co-sureties, and very little, if any at all, that defendant ever signed the note. We do not deem it necessary, nor is it usual, to go into a detailed examination of the testimony for the purpose of supporting a finding of fact by the Circuit Judge, as his decree is sufficient to vindicate itself.

The only remaining inquiry is, whether the Circuit Judge erred in his rulings as to the competency and effect of the documentary evidence referred to in the fifth and ninth exceptions. The defendant was not a party to the record in *Mobley* v. *Hall*, and nothing contained in that record was competent evidence against him; and the same may be said of the copy of the note found in Col. Rion's law office, no matter what the purpose may

have been in offering it in evidence. The facts essential to the plaintiff's recovery were, that defendant had executed the note, and that he and Daniel Hall, sr., were co sureties, and nothing in those papers could legally tend to establish those facts.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.