## DRAFFIN v. RAILROAD COMPANY.

1. AN APPEAL ON FACTS IN A LAW CASE cannot be considered by this court, as it has no jurisdiction in such matters.
2. EVIDENCE—BURDEN OF PROOF.—If a railroad company uses cross-ties furnished under contract, it must be assumed that the ties so used were such as the contract specified, in the absence of evidence by the company tending to show that, though used, they were defective.
3. ADMISSIONS—ESTOPPEL.—There being testimony of some admissions by plaintiff inconsistent with his claim, the trial judge charged that this was a question of fact for the jury, and added : "You must receive and weigh these admissions of plaintiff with great care ; unless the defendant had done something or had in some way acted upon them, they cannot have effect as estoppels against his claim now." *Held*, that in this there was no error, as it left the fact to the jury and correctly declared the law of estoppel.

Before NORTON, J., Lancaster, March, 1890.

This was an action by R. W. Draffin against the Charleston, Cincinnati & Chicago Railroad Company for the recovery of the value of certain cross ties, commenced February 12, 1889. The judge charged the jury as follows :

It is my place to give to you the law of this case. And as to the contract for furnishing these ties, I charge you that the parties to the same are bound by it, unless there has been some waiver on their part. It will be your duty to ascertain how many cross-ties were furnished by Mr. Draffin under the terms of that contract which have not been paid for. The plaintiff claims in the complaint that there were thirty-seven hundred and sixty-five cross-ties, balance furnished, which have not been paid for. The defendant denies that there is such balance still due, and insists that it has proven that 10,024 cross-ties have been paid for, and that the plaintiff has admitted in writing that 10,024 have been paid for, which would leave about 1,702 cross-ties unpaid for. And the defendant also claims that part of these were cull or rejected ties, and further, that some of these were paid for. These are questions of fact which the jury must determine. I charge you, gentlemen, that you must receive and weigh these admissions of the plaintiff with great care, unless the defendant had done something, or had in some way acted upon them, they cannot have effect as estoppels against his claim now.

If these ties were piled up on the line of the road, and the company took and used them, whether they had been inspected and received or not, the company then would presumably be chargeable as for good ties—that is, at the rate of $24\frac{1}{2}$ cents per tie. And I charge you that if the railroad company took and used the ties, the onus is upon the company to show that they had been rejected or were defective ties, notwithstanding the terms of the contract, which provides for inspection and acceptance by agents of the road.

The jury then retired and returned a verdict for the plaintiff for the sum of $600. Whereupon defendant moved for a new trial, which being refused and judgment entered, defendant appealed.

*Messrs. R. E. & R. B. Allison,* for appellant.

*Messrs. Jones & Williams,* contra.

July 21, 1891.   The opinion of the court was delivered by

30—34

MR. JUSTICE McIVER. This was an action to recover a balance alleged to be due plaintiff under a written contract with the defendant company for the delivery of a large number of railroad cross-ties, according to certain specifications contained in the contract. The plaintiff having recovered a verdict for six hundred dollars, the defendant moved for a new trial on the minutes, which being refused, judgment was entered on the verdict, from which defendant appeals upon the several grounds set out in the record.

The third, fourth, sixth, and seventh grounds raise questions of fact only, and this being an action at law, pure and simple, it is very obvious that we have no jurisdiction to consider such questions.

The first ground imputes error to the Circuit Judge in charging the jury "that if the defendant, the railroad company, took up and used the cross ties of plaintiff, whether they had been accepted or rejected by the inspector of the company under the contract between the parties, the onus rested on the defendant to show that said cross ties were defective." We do not see any error in this. The contract provided that the cross-ties to be delivered by plaintiff were to be inspected by an officer or agent of the company, and those which came up to the specifications were to be accepted and paid for at the stipulated price, while those which did not come up to the specifications were to be rejected. Hence the natural inference would be, and the jury would have the perfect right to assume, in the absence of any evidence to the contrary, that all the cross-ties accepted and used by the company came up to the contract and were to be paid for accordingly. But this natural, and we may say necessary, inference was susceptible of being rebutted by testimony showing that, although the cross ties were received, yet in fact some of them did not come up to contract; and this was what the jury were told in effect, when they were instructed that the onus of proof would be upon the defendant to show that, although the cross-ties were received and used by the company, yet in fact some of them were defective.

The second ground of appeal does not correctly represent the charge of the Circuit Judge, and for this reason, if there were no

other, cannot be sustained.  For the jury were not charged that the defendant would be chargeable as for good ties, at the rate stipulated for in the contract, if the defendant used the cross-ties of plaintiff, whether they had been inspected and received or rejected by the inspector ; but the charge was that the company would be *presumably* chargeable in such case for good cross-ties. This was but saying in a different form the same thing which is made the subject of the first ground of appeal already considered.

The fifth ground complains that the Circuit Judge "invaded the province of the jury in charging that they must receive and weigh the admissions of the plaintiff with great care, and that unless the defendant was misled by them, the plaintiff is not now bound by them."  The Circuit Judge did not use the language here attributed to him ; but what he did say was, "that you must receive and weigh these admissions of the plaintiff with great care; unless the defendant had done something, or had in some way acted upon them, they cannot have effect as estoppels against his claim now."  This remark was immediately after the judge had stated that the defendant had set up as a defence the admission of the plaintiff that a very large amount of the cross-ties had been paid for, which the jury were told was a question of fact for them to determine, and then followed the charge excepted to as to the law of estoppel ; which, as we learn from the argument, was not objected to as presenting an incorrect proposition as to the law of estoppel, but as inapplicable to the case.  And the case of *Thomson v. Sexton* (15 S. C., 95), [is cited] where this court said : "Error may be committed, not only by laying down to the jury incorrect general principles of law, but also by applying correct principles of law to cases in which they are not properly applicable."  The defendant manifestly relied, as a part at least, of its defence upon certain admissions alleged to have been made by the plaintiff, and it is very obvious that such a defence might raise both questions of fact and law.  The questions of fact would be whether such admissions were in fact made, and if so, whether they were true, or made under a mistake, and these would be questions for the jury. The question of law, however, would be whether such admissions, whether true or false, or made under a mistake, would amount to

an estoppel. It seems to us that the practical effect of the judge's charge was to leave the questions of fact to the jury, without any intimation whatever as to his own opinion, and then to lay down the law of estoppel, in which we see no error.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.