7477

## STATE v. SHORTER.

EVIDENCE—ADMISSIONS—CHARGE.—Unless admissions of a party against interest are acted upon by the adverse party under circumstances which create an estoppel, they are not conclusive but may be explained, or the fact shown to be otherwise, and the effect of such rebutting evidence is for the jury. Hence an instruction that "a man is not going to make an admission against himself if it is not true" invades the province of the jury.

Before WILSON, J., Clarendon, June, 1908. Reversed.

Indictment against Seth A. Shorter. Defendant appeals from sentence.

*Mr. R. O. Purdy,* for appellant.

*Solicitor McLaughlin,* contra.

March 7, 1910. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Appellant was convicted of selling a bale of cotton covered by mortgage. The only question at issue on the trial was whether appellant owed the prosecutor anything. He claimed that he had paid his debt in full. The prosecutor's books were excluded because not properly proved, and the State relied, for proof of the debt, on certain alleged admissions of appellant, as to the amount of his indebtedness to the prosecutor, testified to by the prosecutor, but denied by the appellant; and, also, upon an offer of appellant to pay the prosecutor $20.00 out

of the proceeds of the cotton sold, which appellant said he offered to pay, although he did not owe it, rather than defend a prosecution which the prosecutor threatened.

The sole point raised by the appeal is that the charge was upon the facts. The portion of the charge complained of was as follows: "It comes down to what admissions have been made. You have heard Mr. Johnson's testimony and you have heard this defendant's testimony, and it is a matter for you to say whom you are going to believe. You have heard the testimony, and it is for you to say what weight you are going to give that, and now the law as to admissions, that rule of law is this: That where an admission—a party is accused of a crime and where he voluntarily, without being coerced, without being forced, makes an admission, the law takes that against him. A man is not going to make an admission against himself, unless it is so. If there has been any admission, as to the amount due in this case, it is for you to say who made it and to whom it was made, and that is a question of fact for you to determine. I can't touch on that at all. That is all the law in the case."

The rule is that the admissions of a party in interest are received as evidence of the fact admitted, but unless they were made and acted upon by the opposite party under circumstances which create an estoppel, they are not conclusive; and, in that event they may be explained or modified, or it may be shown that the fact was otherwise. *Cox* v. *Buck,* 3 Strobh., 367; *Draffin* v. *R. R. Co.,* 34 S. C., 464, 13 S. E., 427; *Hall* v. *Woodward,* 30 S. C., 564, 9 S. E., 684.

The force and effect of a rebutable admission varies according to the circumstances under which it was made, and that is a question exclusively for the jury. 1 Enc. L. & P., 200 *et seq.*

It follows that when his Honor charged: "A man is not going to make an admission against himself, unless it is

true," he invaded the province of the jury. 1 Enc. L. & P., 207 *et seq.*

Judgment reversed.