## 8027

### JONES v. A. H. WILLIAMS & CO.

1. SPECIFIC PERFORMANCE.—The decree in question held to have adjudicated the right to specific performance, provided the respective titles to the lots to be exchanged were found to be marketable; and as the decree provides a reference to ascertain the facts in regard to the title, it cannot be said to be a final adjudication of the issue of specific performance.

2. IBID.—AMENDING NOTICE.—DISCRETION.—Where an order provides that both parties in a suit of specific performance for exchange of lots should file their proposed deeds within a certain time, and that both parties should in the same time file objections to the title of the other, and uses "defendants" in speaking of one side, either defendant may serve objections to plaintiff's title. Such objections are in the nature of pleadings, and after having been filed in time may be amended by adding allegations of other objections since discovered, and there was no abuse of discretion in permitting such amendments here.

3. NEGLIGENCE—LACHES.—Both parties in this proceeding are equally guilty of negligence or laches in not bringing the issues to adjudication; hence the plaintiff cannot insist that defendants have been so negligent as to deprive them of the right to amend this objection.

Before WILSON, J., Williamsburg, August 4, 1910. Affirmed.

Action by Ella F. Jones against A. H. Williams & Company, C. M. Kelly and O. T. Hall, of which the defendants except Kelly appeal.

*Messrs. Willcox & Willcox* and *Henry E. Davis,* for appellants, cite: *Decree of Judge Townsend is final:* 30 S. C. 329. *Party serving notice of appeal and abandoning it is estopped from appeal from that judgment:* 69 S. C. 56. *One Circut Judge cannot in effect annul a Circuit decree:* 30 S. C. 329; 73 S. C. 579; 32 S. C. 57; 47 S. C. 547; 32 S. C. 317; 27 S. C. 171; 51 S. C. 33; 58 S. C. 152; 66 S. C. 328; 87 S. C. 568. *It was error to permit exceptions*

*to deed proposed to be amended:* 62 S. C. 525; 51 S. C. 36; 66 S. C. 342; 60 S. C. 67; 67 S. C. 476.

*Messrs. W. S. Bass* and *Walter Hazard,* contra. *Mr. Bass* cites: *The exceptions here are in nature of a pleading and may be amended as other pleadings:* 10 S. C. 101; 39 S. C. 216; 12 S. C. 174; 16 S. C. 231; 65 S. E. 989; 31 S. C. 588; 86 S. C. 98; 67 S. E. 296; 54 S. E. 570; 68 S. C. 506; 3 S. C. 564.

*Mr. Hazard* cites: *Judge Townsend's decree is not final:* 23 Cyc. 672, notes 31, 32; 3 Black. Com. 398, 397; 3 S. E. 177; Freem. on Judg., sec. 12; 21 S. C. 245; 2 Cyc. 586; 25 S. C. 119; 4 S. C. 106; 13 S. C. 254; 7 Wall. 342; 26 Ency., note 2; 59 S. C. 342; 2 Cyc. 588; 50 Fed. 860; 17 S. C. 143; 19 S. C. 607; 20 S. C. 545; 32 S. C. 314. *If this decree is intermediate appeal lies now:* 36 S. C. 136, 559; 59 S. C. 49; 70 S. C. 167. *It was proper for Judge Wilson to preserve status quo:* 36 Cyc. 787; 116 N. W. 857; Code of Proc. 240; 27 S. C. 408; 2 Dan'l Ch. P. & P. 161-8; 84 S. C. 37. *Judge Wilson does not amend or annul Judge Townsend's decree:* 14 S. C. 621; 59 S. C. 472. *Defendants are not guilty of laches:* 25 S. C. 215; 62 S. C. 73; 21 S. C. 112; 76 S. C. 167; 10 Cyc. 152; 12 Ency. P. & P. 840; 39 S. E. 199; 1 DeS. Eq. 382; 16 S. C. 470; Bail. Eq. 343; 20 Ency. P. & P. 473n 9. *There was no abuse of discretion or error of law in granting amendment:* Code of Proc. 194; 26 S. C. 474; 18 S. C. 305; 9 S. C. 330; 8 Rich. Eq. 190; 10 S. C. 98; 13 S. C. 21, 397; 19 S. C. 560; 18 S. C. 315; 27 S. C. 1; 30 S. C. 564; 86 S. C. 102; 12 S. C. 174; 16 S. C. 231; 39 S. C. 223; 55 S. C. 90; 51 S. C. 412; 32 S. C. 142. *Exercise of discretion is not reviewable:* 88 S. C. 302, 333; 64 S. C. 338.

November 7, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is an action seeking the specific performance of a contract, between the plaintiff Ella E. Jones and the defendant C. M. Kelly, for the conveyance of a certain lot of land belonging at the time of the contract to the defendant, Kelly, in exchange for a certain other lot of land alleged to belong to the plaintiff. A. H. Williams & Co. were made parties defendant as the grantees of the same lot in question, the allegation being that the said A. H. Williams & Co. had accepted a deed for the said premises, with notice and knowledge of the contract between Kelly and the plaintiff. For what purpose or with what object the defendant Hall was made a party does not appear from the record other than is shown by the statement that he acted as agent for the defendant Kelly in making the sale of the said lot to his codefendants A. H. Williams & Co.

The cause was heard by Judge D. A. Townsend who made a decree January 22, 1903, adjudging that a valid contract had been made between the plaintiff and the defendant Kelly for the exchange and conveyance of the said lots respectively by each to the other, that the defendants A. H. Williams & Co. had accepted with notice of the rights of the plaintiff, a conveyance from the defendant Kelly of the lot contracted by the latter to be conveyed to the plaintiff, adjudging that plaintiff is entitled to specific performance of the contract and directing that defendant Kelly make good and sufficient title to plaintiff for said lot, "on her making good and sufficient title to him, C. M. Kelly, to her lot, the lot last described in the complaint." But by the terms of the said decree, Judge Townsend expressly declined to pass upon the question as to whether the plaintiff could make a good and sufficient title to her lot, declaring that he would not then "pass upon the validity of plaintiff's title, because it has not been brought into Court and because it may be necessary that testimony be taken respecting its validity." By the same decree it was further directed that

the plaintiff should file her proposed deed for her lot with the clerk of said Court, within a time fixed, deed to remain in the custody of clerk "until the further order of this Court," and the defendants were required within a period named to notify their acceptance or rejection of such title so tendered, "and if they refuse said deed, the grounds of refusal shall be served along with the notice."

Leave was also therein granted to any party to apply to the Court or to a Judge at chambers "for such further orders as may be necessary to carry out the provisions of this decree." The decree further declared "that the deed of conveyance of the lot in question from C. M. Kelly to A. H. Williams & Co. be and is hereby cancelled and annulled," but it is apparent from the general tenor and terms of the decree as a whole that this pronouncement of the decree was predicated entirely upon the right of the plaintiff to a specific performance, and that this latter right was held to be dependent upon her ultimate ability "to make good, sufficient title to her lot" which she had contracted to convey in exchange. No adjudication appears to have been made by this decree of any rights or equities existing between the defendants C. M. Kelly and A. H. Williams & Co., arising out of the sale and conveyance of the Kelly lot by the former to the latter.

In compliance with the requirements of that decree, the plaintiff filed her proposed deed and the defendants in due time served a notice of refusal to accept the deed, accompanying the same with a statement of certain grounds for such refusal, setting up alleged defects in the title of the plaintiff to the lot, objecting that the deed should be made to defendants A. H. Williams & Co., and not to defendant, C. M. Kelly, and reserving or attempting to reserve the right "to add further grounds of refusal, if any be discovered." A notice by defendant of intention to appeal from the decree of Judge Townsend was duly served, but the appeal was afterwards formally abandoned.

On October 11, 1905, by consent of all parties, an order of reference was made "to take the testimony upon the objections of defendants to accepting plaintiff's deed of conveyance," but no further proceedings were thereafter had in the cause until the year 1910. It appears, however, from the letters and affidavits in the record, that, during this interval, some efforts looking to a settlement of the matter in controversy out of Court were made by the counsel for the plaintiff upon the one hand and the defendants Williams & Co. upon the other.

Some attempt having been made or negotiations begun between the plaintiff and the defendant C. M. Kelly for an exchange of deeds for the lots in question, out of Court and in disregard of any rights of A. H. Williams & Co., on the 25th of April, 1910, upon the motion of the defendants last named, a temporary restraining order to preserve the status was granted by Judge Wilson, and a rule issued requiring the plaintiff and the defendant C. M. Kelly to show cause why an injunction against the execution and delivery by the one to the other of them of any deeds for the lots in question should not be continued until the final decree in this suit. Upon hearing the return to this rule, and the affidavits in support of and against the granting of such injunction, which affidavits set forth substantially the facts and proceedings already recited, Judge Wilson granted an order continuing in full force the injunction against the exception of the deeds until the further order of the Court, requiring the execution of a proper injunction bond by the defendants, A. H. Williams & Co. Upon the same day May 11, 1910, this order was granted, an order was made with the consent of the attorneys for all parties, substituting a new referee instead of the one named in the order of October 11, 1905, already mentioned.

Thereafter, on August 4, 1910, upon due notice, and upon affidavits made by the defendants who are members of the firm of A. H. Williams & Co. and by the attorneys repre-

senting the said defendants, an order was made by Judge
Wilson allowing the said defendants to amend the notice
and grounds of refusal to accept the deed filed by plaintiff
in pursuance of the decree of Judge Townsend already
mentioned, the amendment so granted being the addition
of an objection that such deed could not operate to convey
a good title, for the reason avered that said plaintiff was
and is seized merely of an estate for the life of another in
the said premises and was and is not seized of a fee simple
title therein.   In support of the motion of such leave to
amend affidavits as stated were submitted to the general
purport that the said defendants Williams & Co. had been
misled by the acts, conduct and assurances of the defendant
C. M. Kelly into the belief that he was defending in this
action the title which he had executed to the said defendants
Williams & Co. that the change of attitude of the defend-
ant C. M. Kelly in the case had only recently been made
apparent, and that the defect in the title of the plaintiff to
the lot in question, now sought to be made an objection to
the acceptance of the deed by the plaintiff therefor, had been
discovered for the first time on the day before such affidavits
were made.   There are also averments of facts in the affi-
davits, tending to excuse any delay on the part of the
defendant A. H. Williams & Co. in bringing the cause to
a final hearing.

The plaintiff now appeals both from the said order of
injunction and from the order allowing the amendment to
the grounds of refusal to accept the plaintiff's deed, upon
several exceptions to each order.

Considering first the grounds of appeal from the order of
injunction, the question substantially presented by these
exceptions is as to how far Judge Townsend's decree is to
be regarded as a final adjudication of the rights of
the parties to this action.   Without stating in detail
the contentions of the appellant upon this point,
analysis of the decree in question will show that it did

adjudge that the plaintiff is entitled to a specific perform-
ance of the agreement for the exchange of the lot involved
in this controversy, provided the respective titles to the same
be found to be marketable.    But it is apparent upon a con-
sideration of the entire decree that it was not thereby adju-
dicated that the plaintiff then had a marketable title to the
lot to be conveyed by her since the question as to the title
to this lot was thereby expressly reserved for future deter-
mination and a reference was therein directed for the ascer-
tainment of the facts in this particular.    It cannot be said
that this decree finally adjudicates the matter of the ulti-
mate right of title to the lot which had been conveyed by
the defendant Kelly to the defendants Williams & Co., either
as between the said defendants themselves or as regards
the rights of the plaintiff.

It is further apparent, from the general tenor of the
whole decree, that the phrases used therein with reference
to the cancellation of the deed from the defendant Kelly to
the defendants Williams & Co. were intended merely as an
expression of the right to which the plaintiff would be
entitled in this particular, upon its finally being made to
appear that the plaintiff could convey a good title to the
lot contracted to be transferred by her in exchange.    It is
manifest that the language referred to was not intended as
a determination of the rights of the defendants Kelly and
Williams & Co. as between themselves; and that the can-
cellation was not proposed to be effective until it should be
ascertained that the plaintiff could give a good title to the
property to be conveyed by her.

It is clear that there has been no final determination of
the rights of the parties, in so far as the ultimate right to
specific performance is concerned, and the decree, therefore,
is not a final decree in this particular.    Where a decree,
even though it does adjudicate some of the issues in a cause,
leaves other issues open for future determination, and where
the ultimate rights of the parties are left dependent upon

the conclusion to be reached upon such unadjudicated issues, it cannot be said that such decree is a final determination of the rights of the parties. *Cauthen* v. *Cauthen,* 70 S. C. 167, 49 S. E. 321; *Lowndes* v. *Miller,* 25 S. C. 119; *Adickes* v. *Allison,* 21 S. C. 259; *Donaldson* v. *Banks,* 4 S. C. 106. The exceptions to the order of injunction must, therefore, be overruled, and the appeal from said order is dismissed.

As to the appeal from the order allowing the amendment to the grounds of objection by the defendant to the title tendered by the plaintiff, but three specifications of alleged error appear to be presented for consideration.

The first contention on the part of the appellants as to this order is that the defendants A. H. Williams & Co. are now precluded from testing the validity of the plaintiff's title to the lot to be conveyed by her, by reason of the alleged adjudication by the decree of Judge Townsend with regard to the right to the cancellation of the deeds of C. M. Kelly to the said defendants, in consequence whereof it is claimed by appellant that A. H. Williams & Co. have no interest in the premises in question and therefore no right of objection to the title to be executed by the plaintiff for the lot to be conveyed by her. The conclusions already announced, however, as to the true purport of the decree of Judge Townsend, shows that no such adjudication of the rights of the said defendants has been made, but that the right to cancellation of the deed to said Williams & Co. was to be dependent upon the question reserved for future determination as to whether the plaintiff could give good title to the lot to be conveyed by her. Indeed, the contention of the plaintiff upon this point is at war with the express terms of the decree of Judge Townsend, which makes use of the plural word "defendants" in describing those who are to have the right to serve notice of objections to the title to be tendered by plaintiff, and does not even by implication

limit the right to make such objections to the defendant C.
M. Kelly.

It is further urged by the appellant that the allowance of
the amendment to the grounds of objection by defendants
to the plaintiff's title to the lot in question is in effect a mod-
ification of the decree of Judge Townsend, for the reason
that by the decree defendants were required to serve upon
the plaintiff a notice of such grounds within a limited time
which has long since expired. As to this proposition it is to
be noted that certain "grounds" were served along with the
notice of objection and within the time limited by the decree,
and it is further to be observed that there is nothing in the
terms of the decree which can be construed as declaring that
defendants should be precluded thereafter from interpos-
ing additional grounds which might subsequently be discov-
ered. The requirement as to the service of the grounds of
objection to the plaintiff's title cannot be regarded other-
wise than as being in the nature of a direction that the
defendant should set up such objections by pleading the
same; and such pleading, like all other pleadings in the
cause, would be subject to amendment at the discretion of
the Court.

It is true that it was held in *Brown* v. *Easterling,* 59 S.
C. 472, that where by order of one Circuit Judge a demur-
rer to a complaint is sustained and leave granted plaintiff to
serve an amended complaint within a limited time, a suc-
ceeding Circuit Judge had no power to extend such time and
permit such amended complaint to be served at a later date,
where the application for such extension is made after the
expiration of the time originally fixed; but the question here
presented is materially different, as here the defendants did
serve the notice and grounds of objection within the time
required and merely sought leave thereafter to amend the
same by setting up an additional ground of objection not
known to defendants or their counsel at the time the original
grounds were served. Under these circumstances, in the

absence of any showing that defendants or their counsel had knowledge of such additional ground at the time of such original service, it cannot be said that any lack of sound discretion was shown in permitting such amendment, especially in view of the fact that plaintiff had better sources of information than the defendants as to the existence of any defect in her own title, and also for the reason that, using the phrase of Judge Townsend's decree, the plaintiff has not "brought her title into Court," which is to say that no offer to show a chain of title has ever been made by her. The case is strictly analogus to that of an amended pleading ordered to be served by a certain day and actually so served, as to which it cannot with any show of reason be contended that no further amendment thereof could ever thereafter be allowed, even to set up facts bearing on the issue which were discovered subsequent to such former amendment.

There is no showing in this case of an abuse of discretion in granting the motion for such leave to amend, but on the contrary the amendment allowed appears to be in furtherance of justice. No trial of the issue as to the sufficiency of plaintiff's title has ever been had, and, so far as appears, no reference has ever been had under the order requiring the taking of the testimony upon that issue; and there is no showing that any material delay or other injustice will result from the granting of the order allowing such amendment. No reason has been shown, therefore, for an interference by this Court with the discretion exercised by the Circuit Judge in making such order. *Hall* v. *Woodward,* 30 S. C. 564, 9 S. E. 684; *Stalling* v. *Barrett,* 26 S. C. 474, 2 S. E. 483; *Trumbo* v. *Finley,* 18 S. C. 305; *Chichester* v. *Hastie,* 9 S. C. 330.

As to the matter of alleged negligence and *laches* and as to the alleged lack of good faith on the part of the defendants in applying for leave to make such amendment,

there is no showing of a lack of good faith in the particular charged and no proof of such negligence or *laches* as would defeat the right to set up the matter of defense sought to be interposed. Indeed, in so far as concerns the matter of the delay in bringing the cause to a final determination upon the unadjudicated issues, the record does not show that the parties defendant are in any greater fault than the party plaintiff; and as to any alleged negligence or *laches* in the matter of discovering and bringing to the attention of the Court the defect now alleged to exist in the plaintiff's title, it was as much the duty of the plaintiff to show a good title as it was that of the defendant to point out any defects therein, and the plaintiff had at least an equal opportunity with the defendant to discover such defects. If she did not ascertain the defects in the title, now alleged by the defendants, at any time prior to the pointing out thereof by the defendants, she cannot complain that the defendants were any more negligent than herself; if she did previously know that such defect existed, she failed herself to do her duty, as good faith required her to bring it promptly to the attention of the Court. If no such defect, however, exists in the title of the plaintiff, no harm can result from the allowance of the amendment, since the issue as to the sufficiency of the title made by the objections originally filed has never yet been tried.

The orders of the Circuit Court are affirmed and the appeals dismissed.