### 9465

### JONES v. WILLIAMS *ET AL.*

#### (89 S. E. 465.)

APPEAL AND ERROR— FORMER DECISION— MATTERS DETERMINED.— The rights of W., who, with knowledge that J. and K. had contracted to exchange lots, bought and took a deed from K. of his lot, were fixed by the holding on a former appeal, in suit by J. against K. and W. for specific performance, that W.'s deed was voidable only in the event of tender by J. to K. and W. of a marketable title to his lot, and so could not be changed by subsequent agreement of

J. and K. that, in lieu of a conveyance of J.'s lot, J. should pay and K. accept a sum of money.

Before SHIPP, J., Florence, April, 1915. Affirmed.

Action by Ella F. Jones against A. H. Williams and others. From an adverse decree, plaintiff appeals.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for appellant, cite: *As to variation in contract:* Story Eq. Juris., sec. 775; 36 Cyc. 644, 699, 700, 625. *Modification of contract:* 56 S. C. 259; 57 S. C. 279.

, *Mr. Walter Hazard,* for respondents, cites: *As to res adjudicata:* 89 S. C. 754; and further submits: *The defense of bad faith on plaintiff's part should have been sustained:* 94 S. C. 16; 16 Cyc. 144; 38 S. C. 228; 21 Enc. Pl. & Prac. 61. *The defense of laches should have been sustained:* 89 S. C. 574; 36 Cyc. 695; 14 S. C. 434.

July 15, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

This cause has been hither twice before. 89 S. C. 576, 72 S. E. 546, and 94 S. C. 16, 77 S. E. 710. There is no present need, therefore, to recite all the circumstances which gave rise to the litigation.

The appellant's counsel states in his argument that he makes only one issue, to wit:

"Where A agreed to convey a certain lot of land to B for a certain consideration, and all the elements that would entitle B to a decree of specific performance against A were present, except that B could not produce the consideration originally agreed upon, but A subsequently agreed to take and accept another consideration in lieu thereof, and then in

due time B tendered to A such new consideration, after having gone into possession of the property and placed thereon valuable improvements, and A refused to convey, would not B still be entitled to specific performance of such contract?"

A and B are unknown quantities, and for them we shall substitute the names of the litigants, who ought by this time to be known—to the bar at least. Jones owned a "Main street lot" and Kelley owned a "ginhouse lot." They agreed to swap, and went so far about it that Jones went into possession of the ginhouse lot, but no deeds were executed. Meantime it turned out that Jones' title to the Main street lot was questionable, and Kelley declined to take it. Pending a settlement of that matter, Kelley sold and conveyed the ginhouse lot to Williams, who took title with notice of Jones' and Kelley's contract. Then Jones sued Kelley for specific performance of their contract to swap, and a Court (Judge Townsend) ordered the performance, but not absolutely, because a shadow rested on Jones' title to the Main street lot. The Court referred that issue for trial. Pending the determination of that issue, Jones and Kelley agreed, entirely unknown to Williams, the one to pay and the other to receive $750 as the price of the ginhouse lot, to stand in lieu of the Main street lot; and the plaintiff amended (supplemented) her complaint for specific performance by alleging this new and subsequent contract, and that is the issue now up. Meantime a Court (Judge Prince) decided that Jones' title to the Main street lot was not good.

The contention of Williams' counsel is that the issue now made has been adjudicated. 89 S. C. 574, 72 S. E. 546. We are of that opinion. It was there in effect held, that the deed from Kelley to Williams was not voidable, except in one event, to wit, the tender by Jones to Kelley and Williams of the marketable deed to the Main street lot. The opinion at 89 S. C. 580, 581, 72 S. E. 546, is full, definite, and conclusive on that issue. That justice of the case is that Wil-

liams got a good title from Kelley, liable to be defeated only by the performance of that contract betwixt Jones and Kelley, of which he had knowledge, and not by the performance of another contract betwixt those parties, made subsequent to his purchase, and of which he confessedly had no knowledge.

The appellant has cited no authority on the issue, nor have respondents. Williams' right was fixed by the opinion in 89 S. C. 574, 72 S. E. 546, and it may not be changed by the act of Jones and Kelley. There is no need to consider the defendants' supporting exception.

The decree of the Circuit Court is affirmed.

Mr. CHIEF JUSTICE GARY and MR. JUSTICE FRASER did not participate in the consideration of this case.