## HALL v. HALL.

1. GUARDIAN BOND—SURETY.—A discharge of a surety on a guardian's bond under S. C. Rev. Stat., sec. 2170, releases him from liability for property of the ward that may come into the hands of the guardian thereafter, where a new bond is executed, but not as to moneys in the guardian's hands at the time thereof, if no new letters of guardianship are issued.

2. DEPOSITION—OBJECTION.—An objection to the admission of a deposition *de bene esse*, on the ground that it was not shown to have been taken before an officer authorized by law to take the same, is waived, where the only objection taken at the trial was that it was not the best evidence of the facts sought to be disclosed.

3. SURETY—ACCOUNTING.—An accounting by a guardian is not necessary before the surety could be discharged from further liability, under sec. 2170, Rev. Stat.

4. IBID.—LETTERS OF GUARDIANSHIP.—It is not necessary that letters

of guardianship should be revoked in order to discharge the surety from further liability, under sec. 2170, Rev. Stat.

5. DOWER—HUSBAND'S DEBTS—WIDOW.—Land set apart to a widow in lieu of her claim of dower, is not liable for the indebtedness of her deceased husband.

Before WITHERSPOON, J., Greenville, May 3, 1894. Affirmed.

Action by Sallie P. Hall, against Stacy E. Hall, as guardian, John T. Chapman, as surety, and Winnie B. Davenport, Nancy E. Chapman, Alice Vance, Anna Campbell, Mary A. Cason, Emma Epps, Susan E. Davenport, Harriet Davenport, Abbie Iler, J. A. Davenport, F. M. Davenport, Josephine Traynham, Dora Davenport, Kesiah Davenport, Hewlett S. Davenport, and Lou Cox, for an accounting, commenced October 12, 1892.

Judge Witherspoon's decree is as follows:

The above entitled action was instituted in 1892 by the plaintiff, to secure the amount due by the defendant, Stacy E. Hall, as plaintiff's guardian. The defendant, John T. Chapman, is a surety, and the other defendants are heirs at law of F. M. Davenport, a deceased surety upon the guardian bond of Stacy E. Hall. All of the issues were referred to the master, and the case was heard upon exceptions by the plaintiff and by the defendant heirs at law of F. M. Davenport to the report of the master, filed February 23, 1894. The defendant, John T. Chapman, did not answer. The defendants, heirs at law of F. M. Davenport, admitted in their answer that Stacy E. Hall, as guardian, did receive rents belonging to plaintiff, her ward, but allege that the rents so received was applied by the guardian to the maintenance of her said ward, who is the daughter of said guardian. They admit that all of said heirs at law, except the defendants, F. M. Davenport and J. A. Davenport, received a portion of the assets of the estate of the deceased surety, F. M. Davenport. These defendants allege that upon his application, F. M. Davenport, in 1882, was relieved by the

probate court of his liability as surety upon the guardian bond of Stacy E. Hall, and that the said Stacy E. Hall executed to the probate court a new bond, as guardian, with J. C. Hall and H. E. Cooley as sureties. They allege that the said J. C. Hall and H. E. Cooley are proper parties to this action. The defendants further allege that if plaintiff has any cause of action against these defendants, it was more than six years before the commencement of this action, and they plead the statute of limitations in bar of said action.

It appears that W. H. Pool, the former husband of the defendant, Stacy E. Hall, and the father of the plaintiff, died April 10, 1874, leaving a widow and five children, including the plaintiff. On the 21st of October, 1874, the defendant, Stacy E. Hall, was duly appointed by the probate court for Laurens County guardian of her daughter, the plaintiff, then Sallie Pool, about five years of age. As such guardian, the defendant, Stacy E. Hall, executed her bond, payable to the probate judge for Laurens County, in the penal sum of $3,000, for the faithful discharge of her duties as such guardian, with the defendants, J. C. Chapman and one F. M. Davenport, now deceased, as sureties on said bond. During the year 1882, F. M. Davenport filed his petition in said probate court, praying to be relieved from liability as surety upon the guardian bond of the said Stacy E. Hall. After stating that she was informed that F. M. Davenport desired to be relieved of his liability as surety upon her guardian bond, in a paper dated July 31, 1882, and addressed to said probate court, the said Stacy E. Hall consented to have her letters of guardianship revoked by the court without formal or legal notice to her. This paper appears among the records in said probate court. There also appears among said records a bond, dated November 4, 1882, executed by the defendant, Stacy E. Hall, with J. C. Hall and H. E. Cooley as sureties, payable to A. W. Burnside, probate judge for Laurens County, in the penal sum of $3,000, and conditioned for the faithful discharge by Stacy E. Hall of her duty as guardian of this plaintiff. The sure-

ties on this bond justify before said probate judge. No order, or the record of an order, discharging F. M. Davenport from liability as surety upon the guardian bond of Stacy E. Hall, can be found in said probate office, after diligent search. It appearing that the defendants, F. M. Davenport and J. A. Davenport, had not received anything from the estate of their father, F. M. Davenport, by mutual consent, an order was passed by the master, dismissing the complaint as to these two defendants. The master finds, as matter of fact, that at the date of the execution by Stacy E. Hall of a new bond by plaintiff, guardian, on November 4, 1882, a balance was ascertained by the probate court to be due by, and in the hands of, the guardian, and that an order was passed by said court, relieving F. M. Davenport from his liability as surety upon the guardian bond of Stacy E. Hall, although there is no record of said order or of said accounting by said guardian. The master finds the amount due by Stacy E. Hall to the plaintiff on November 4, 1882, with interest to February 15, 1894, the date of the report, to be $1,235.11; that F. M. Davenport died in June, 1888; that 150 acres of his land was set off by the order of the court to his widow, Winnie B. Davenport, the defendant, and that the balance of his real estate had been sold, and, after paying debts, the proceeds had been divided among his other heirs at law, except his two children, the defendants, F. M. and J. A. Davenport.

The master concludes, as matter of law, that the proceedings in the probate court, instituted by F. M. Davenport in 1882, relieved the said F. M. Davenport from liability as surety on the bond of Stacy E. Hall, as guardian, or any funds coming into her hands after that date. That the proceedings in said court show the intention of the parties to settle the indebtedness of the guardian up to the date of the execution of the second bond; that said proceedings were tantamount to payment. If the proceedings instituted before the probate court by F. M. Davenport did not amount to payment, the master concludes that they amount to such

a repudiation of the trust as would give currency to the plea of the statute of limitations, so far as the heirs at law of F. M. Davenport are concerned, and as to the defendant heirs at law of F. M. Davenport, the master sustains the plea of the statute. The master concludes that the plaintiff is entitled to judgment against the defendant, Stacy E. Hall, as guardian, and against the defendant, John T. Chapman, as surety, for the sum of $1,235.11, being the amount found to be due by the master by said guardian, on November 4, 1882, the date of the second bond, with interest to February 15, 1894, the date of the master's report.

It has been held that the act of 1789, granting relief to sureties upon administration bonds, is in substance similar to the act of 1839, now in force. The relief is the same as that afforded to petitioning sureties upon a guardian bond. The power to relieve is limited by the injunction that the rights of parties interested in the estate must not be impaired. The relief can be afforded by either revoking the letters of administration of guardianship or by requiring a new bond, which stands as a primary security to the old bond or between the sureties upon the two bonds. *Bobo* v. *Vardin*, 20 S. C., 278. So far as the distributor or ward is concerned, the sureties upon both bonds are to be regarded as parties to a common undertaking. *Erick and Wife* v. *Power*, 2 Strob. Eq., 196. In *Timmerman* v. *Trail*, 2 Bailey, 480, it is held that the discharge of a surety operates as an exemption from future but not from past liability. In *Field* v. *Pelot*, M. M. Eq., 400, Chancellor Johnson says: "No case can be found (I speak with confidence) in which, after new surety given, the preceding sureties have been charged, unless some breach of duty was committed by the principal during the time, and there the liability has always been restricted to that." While as between the sureties the second bond is to be held as a primary security, so far as the distributee or the ward is concerned, they can proceed against the sureties on either bond. I conclude that the master did not err, as alleged in plaintiff's exceptions, in

holding that the heirs at law of F. M. Davenport, the deceased surety, could only be held to account to the plaintiff for the funds in the hands of her guardian, Stacy E. Hall, on November 4, 1882, the date of the execution of the second bond, with interest on said sum. It does not appear that any breach of duty had been committed by the guardian up to that period. It appears that A. W. Burnside was the probate judge of Laurens County from 1876 to 1891, and that he now is a resident of Graysville, in the State of Georgia. The testimony of this witness was taken *de bene esse* under the act of December 21, 1883. It is urged, under plaintiff's exceptions, that the master erred in admitting this testimony, as there was no evidence that it was taken before an officer authorized by said statute. The plaintiff had notice that the testimony would be taken before W. W. Gilbert, a notary public. The certificate required by the act of 1883 accompanied the testimony forwarded to the Court. It is signed "W. W. Gilbert, N. P. & J. P." The witness was cross-examined by the said W. W. Gilbert as a notary public. The act of 1883 does not prescribe any mode by which the official character of the officer before whom the testimony is to be taken shall be authenticated. I conclude that the master did not err, as alleged, in admitting the testimony of A. W. Burnside, John M. Clardy, the present probate judge of Laurens County, T. H. Cooke, and John T. Chapman. There is no contradiction of the records, and the testimony of these witnesses was offered to show that the records of the probate court as exhibited is incomplete. But if there was error in admitting the testimony of these witnesses, it is not material, as the petition to be relieved of liability, filed in the probate court by F. M. Davenport, and the execution of the second bond by Stacy E. Hall, as guardian, on November 4, 1882, carry with these the presumption that an order was granted by said court discharging F. M. Davenport from future liability as surety upon the guardianship bond of Stacy E. Hall, as prayed for by the said F. M. Davenport. I do not think the evidence is suf-

ficient to show that Stacy E. Hall accounted as guardian when the second bond was taken by the probate court. Such accounting would have been proper, but it was not necessary to discharge the surety from future liability. The evidence admitted is sufficient to sustain the master's finding that the probate court passed an order discharging F. M. Davenport from liability as surety upon the guardianship bond of Stacy E. Hall. I also conclude that the evidence is sufficient to sustain the master in allowing credit to the guardian for board, clothing and tuition of the ward, who is her daughter. I do not think the master erred, as alleged, in not allowing the ward credit for services rendered to the guardian. The evidence on this point is conflicting, but the master has had the witnesses before him, and his conclusion is sustained by the evidence.

The plaintiff's exception alleging that the master erred in the statement of the guardian's account, as well as in stating the amount due by the guardian, does not specify wherein the master has erred, and is too general and indefinite to be considered. I cannot concur in the master's conclusion, as matter of law, in sustaining the plea of the statute of limitations as a bar to plaintiff's recovery of judgment against the defendants, as heirs at law of F. M. Davenport, and to this extent the plaintiff's exceptions must be sustained. The amount due the ward is due by the guardian as trustee. The undertaking of F. M. Davenport, as surety, was that the guardian would faithfully discharge the trust. It is not contended that the statutory period had expired after the guardian attained her majority and before the commencement of this action; and I fail to see how the heirs at law of F. M. Davenport can avail themselves of the plea of the statute of limitations.

The plaintiff's last exception, alleging that the master erred in his finding as matter of fact and in his conclusion of law as to the amount ascertained to be due plaintiff, is also too indefinite to be considered.

It is alleged in the exceptions by the defendants, as heirs

at law of Davenport, deceased, that the master erred in adding the accrued interest of November 4, 1882, the date of the new bond, and charging interest upon principal and interest from said date to January 1, 1890, when the plaintiff took possession of her premises. It seems to me that the master has compounded the interest between said dates, and this exception by defendants must be sustained. Under this exception I conclude that the amount due by the guardian at the date of the master's report, February 15, 1894, is $1,083.76, instead of $1,235.11, as reported by the master.

The other exceptions of the defendant heirs at law of F. M. Davenport are overruled, except as herein modified or overruled.

It is ordered and adjudged, that the master's report herein, filed February 23, 1894, be sustained, and be made the judgment of this Court, and that the exceptions to said report be overruled, except as sustained by this decree. It is further adjudged, that the complaint herein be dismissed with costs as to the defendants, F. M. Davenport and J. A. Davenport, upon the grounds stated in the master's report.

It appears by the master's report that a portion of the real estate of F. M. Davenport has been assigned by order of the Court to the widow, the defendant, Winnie B. Davenport, as her dower and homestead. This land assigned as dower and homestead cannot be made liable to plaintiff's judgment, and as this is all of the assets of the estate of F. M. Davenport received by the widow, as appears by the master's report, the plaintiff is not entitled to enter up judgment against the said defendant, Winnie B. Davenport. The plaintiff will only be entitled to judgment against such of the defendants, heirs at law of F. M. Davenport, the deceased surety, as appear to have received a portion of the assets of the estate of F. M. Davenport. According to the master's report, the only heirs (Davenport's) that received assets for which they are liable to account to plaintiff, are the defendants, Alice Vance, Emma Epps, Susan E. Davenport. Harriet Davenport (now Thompson), Abbie Iler, Lula Cox,

Kesiah Davenport, and Dora Davenport, each of whom received $511.57 out of the proceeds of sale of the real estate of F. M. Davenport, sold under the order of Court. I find as a matter of fact, and conclude as matter of law, that the plaintiff is entitled to judgment against each of the defendants, Stacy E. Hall, John T. Chapman, and the defendants, Alice Vance, Emma Epps, Susan E. Davenport, Harriet Davenport (now Thompson), Abbie Iler, Lula Cox, Kesiah Davenport, and Dora Davenport, for the sum of $1,080.76, with interest thereon from the 5th day of February, 1894.

It is ordered and adjudged, that the plaintiff, Sallie P. Hall, have judgment, with leave to have execution thereon, against the defendants, Stacy E. Hall, John T. Chapman, and each of the defendants, Alice Vance, Emma Epps, Susan E. Davenport, Harriet Davenport (now Thompson), Abbie Iler, Lula Cox, Kesiah Davenport, and Dora Davenport, heirs at law of F. M. Davenport, deceased, for the sum of $1,083.76, with interest thereon from February 15, 1894, together with costs. It is further ordered and adjudged, that the said judgment and execution can only be enforced against the defendants, Alice Vance, Emma Epps, Susan E. Davenport, Harriet Davenport (now Thompson), Abbie Iler, Lula Cox, Kesiah Davenport, and Dora Davenport, to the eztent of the $511.50 of the assets of the estate of F. M. Davenport, reported by the master to have been received by each of said heirs at law.

Any of the parties to this action are at liberty to apply for further orders at the foot of the decree.

To this decree the plaintiff and the heirs at law of Davenport, except Winnie B., F. M., and J. A., excepted on the following grounds:

1. Because his Honor erred in holding that the heirs at law of F. M. Davenport, the deceased surety, could only be held to account to the plaintiff for the funds in the hands of the guardian, Stacy E. Hall, on November 4, 1882, the date of the execution of the second bond, with interest on

said sum; whereas he should have held that said heirs were responsible to the extent of assets received by them from the estate of their ancestor, for the entire period of guardianship of said guardian, and for all sums of money received by her during said guardianship, and not subsequently accounted for.

2. That his Honor erred in holding that the master did not err in admitting the testimony of A. W. Burnside, taken *de bene esse* before W. W. Gilbert at Graysville, Ga., there being nothing in the record to show that the said W. W. Gilbert was an officer authorized by law to take such testimony.

3. That his Honor erred in holding that the master did not err in admitting the testimony of T. H. Cooke, John T. Chapman, and John M. Clardy, as no proper ground for admission of secondary evidence had been shown, and said testimony being hearsay and irrelevant, and not properly admissible.

4. That his Honor erred in sustaining the finding of the master, that an order was passed by the probate judge of Laurens County, in 1882, discharging the surety, F. M. Davenport, from all further liability as surety on said bond, and also in holding that said surety was discharged from further liability without an accounting being had, and without a revocation of the letters of guardianship by proceedings in the probate court in 1882.

5. That his Honor erred in holding that the defendant, Winnie B. Davenport, is not liable for the assets of the estate of F. M. Davenport received by her, and that the plaintiff is not entitled to judgment against said Winnie B. Davenport.

6. That his Honor erred in sustaining the exceptions of the defendant heirs at law of F. M. Davenport to the report of the master, alleging that he erred in adding the accrued interest due November 4, 1882 (date of new bond), and charging interest on said amount to January 1, 1890.

7. That his Honor erred in holding that the property set apart to Mrs. Winnie B. Davenport, consisting of 150

acres of the home place of F. M. Davenport, deceased, was set off to her as a homestead, and that it was not, for this reason, liable to execution for plaintiff's debt; and that, therefore, judgment could not run against her on account of her possession and ownership of said property.

The following exceptions were served on behalf of certain defendants:

Take notice, that in behalf of the defendants for whom notice of appeal from the decree of Judge Witherspoon in this cause was given by us, we shall ask the Supreme Court to reverse said decree, upon the following exceptions:

1. Because his Honor erred in finding as a matter of fact, that at the time of the execution of the second bond by Stacy E. Hall, as guardian, no accounting was made by her of her ward's estate; whereas he should have found that at such time an accounting was had and a balance struck, and the amount thus ascertained to be due found to be in her hands.

2. Because his Honor erred in not concluding as matter of law, that the presumption was that the said Stacy E. Hall, as guardian, had in her hands at the time of the execution of the second bond, or at the time of her second appointment, if it be held she was so reappointed, the amount she was then due the ward, it having been found as a matter of fact that no breach of duty had been committed by said guardian up to the time of the execution of the second bond.

3. Because his Honor erred in finding as matter of fact, and concluding as matter of law, that the plaintiff was entitled to judgment against the defendants, Alice Vance, Emma Epps, Susan E. Davenport, Harriet Davenport (now Thompson), Abbie Iler, Lula Cox, Kesiah Davenport, and Dora Davenport, for the sum of $1,080.76; whereas he should have held that the complaint should be dismissed as to such defendants, and that plaintiff was entitled to no judgment against them.

*Mr. J. W. Quattlebaum*, for plaintiff, appellant.

*Messrs. Haynesworth & Parker*, for defendants, appellants, and Winnie B. Davis, respondent.                    .·  :

Sept. 17, 1895.  The opinion of the Court was delivered by

MR. JUSTICE GARY.    The defendant, Stacy E. Hall, was appointed guardian of the person and estate of her infant daughter, Sallie P. Hall, by the probate court of Laurens County, in October, 1874, and immediately thereafter took charge of her ward's estate, consisting of a farm in Laurens County, and received the rents therefrom until 1890, when plaintiff married and took possession.    The plaintiff became of age in 1891, and soon thereafter made demand on her guardian for a settlement of her estate, which being refused, she instituted this action for an accounting against said guardian, and John T. Chapman, one of the sureties on her bond, and the heirs at law of F. M. Davenport, the other surety, who died before this action was commenced.    The case was heard by his Honor, Judge Witherspoon, on exceptions to the report of the master, whereupon he rendered a decree, which, together with the exceptions both on the part of the plaintiff and defendants, will be incorporated in the report of the case.                    ·

We will first consider the exception on the part of the plaintiff.                    .

Exception 1.    In considering this exception it may be well to refer to the statutory law of our State on this subject, which is as follows: "The judge of probate, on appointing a guardian to any estate, shall require him to enter into bond to himself and his successors in a penalty of double the amount of the estate, and shall have the same power as to relieving the sureties of a guardian which is given to him by section 2031, in the case of relieving the sureties of an administrator."    Rev. Stat., section 2170.    "It shall be the duty of the judge of probate in whose office an administration bond is lodged, upon a petition filed by any of the

sureties to the same, who conceive themselves in danger of being injured by such suretyship, to summon the administrator before him, and make such order or decree for the relief of the petitioner as may not impair or affect the rights of the parties interested in the estate." Rev. Stat., sec. 2031.

Much of the confusion as to the law upon this question, we think, arises from the attempts to reconcile the *dicta* of conflicting opinions, instead of interpreting the statutes in such a manner as to accomplish the purpose for which it was enacted. Without undertaking to review the many decisions of our courts of last resort on this subject, we are content to state the principles deducible from them that are applicable to this case: 1st. When the surety on a guardian's bond files a petition to be discharged from liability and the Court grants an order for such discharge, and a new bond is executed, but no new letters of guardianship are issued, the surety is liable for all the property of the ward in the hands of the guardian at the time of the discharge. 2d. Such surety, however, is not liable for the property of the ward that may come into the hands of the guardian after the surety has been discharged. Chief Justice O'Neall, delivering the opinion of the Court in *Trimmier* v. *Trail*, 2 Bailey, 480, expresses the views which we entertain upon the question, in the following language: "If the ordinary, on citing the administrator to appear, at the instance of his sureties, should merely take a new bond, with new sureties from him, this would not discharge the former sureties from a past liability, although they would not be liable to a future one. It is also, I think, unquestionable that the new sureties would be liable for any funds which the administrator then had in his hands. *Joyner* v. *Cooper*, decided at Charleston in February last (ante, p. 199); *McDowell* v. *Caldwell*, 2 McC. Ch., 55, and *The Treasurer* v. *Taylor*, decided at this term. In such a case the surety would be cumulative; and the creditors or distributees would have the right to recover the funds from the first as well as the second sureties. In the language of

Judge Colcock, in the case of *Cureton* v. *Shelton:* 'Admitting that the discharge could operate as to future liabilities, it cannot affect those which did exist.   There is no power which could release the securities from such.'   3 McC., 417.   If, however, at the time a new bond is given, no liabilities have attached, as where the administrator has legally inventoried and sold the estate, but has not received any of the funds, then the liability for the failing to account would be cast on the new sureties alone."  · See, also, *Bobo* v. *Vaiden*, 20 S. C., 279; *Gilliam* v. *McJunkin*, 2 S. C., 442; *McKay* v. *Donald*, 8 Rich., 331; *Ordinary* v. *Wallace*, 1 Rich., 507; *Hill* v. *Calvert*, 1 Rich. Eq., 56; *McMeekin* v. *Huson*, 3 Strob., 327; *Glenn* v. *Wallace*, 4 Strob. Eq., 149; *Owens* v. *Walker*, 2 Strob. Eq., 289; *Field* v. *Pelot*, McM. Eq., 369; *Shelton* v. *Cureton*, 3 McC., 412; *Enicks* v. *Powell*, 2 Strob. Eq., 196; *Waterman* v. *Bigham*, 2 Hill, 512; *Alexander* v. *Bullard*, Rice Eq., 23.   The first exception is overruled.

Exception 2.   This exception relates to the testimony of A. W. Burnsides, taken *de bene esse*, which was objected to on the ground that there was nothing in the record to show that the person before whom it was taken was an officer authorized by law to take such testimony. The defendants' attorneys served a notice on plaintiff's attorneys, that they would take the testimony of Burnsides "before W. W. Gilbert, a notary public for the State of Georgia, &c."   The examination was duly had in accordance with the notice, various questions being propounded on cross-examination on behalf of the plaintiff.   The deposition was forwarded by mail to the clerk of court for Greenville County, with the formalities required by law.   The envelope was sealed, and across its flap was written: "W. W. Gilbert, [L. S.] N. P. & J. P., notary public authorized to take testimony."   No objection was made to the opening of the deposition, but the introduction of the testimony was objected to on the ground, as stated in the master's report, "that it was not the best evidence of the facts sought to be

disclosed." The failure of the plaintiff to object to the testimony on the ground stated in the exception was a waiver of such objection. The second exception is overruled.

Exception 3. This exception was predicated on the fact that the testimony of A. W. Burnsides was inadmissible. The exception raising the question as to the admissibility of Burnsides' testimony having been overruled, the third exception is also overruled.

Exception 4. This Court is satisfied that his Honor, the Circuit Judge, was correct in sustaining the finding of the master, that an order was passed by the probate judge of Laurens County in 1882, discharging the surety, F. M. Davenport, from all further liability on said bond. His Honor was also correct in deciding that an accounting was not necessary before the surety could be discharged from further liability. *Gilliam* v. *McJunkin*, 2 S. C., 442. Under the principle hereinbefore announced, it was not necessary that the letters of guardianship should be revoked in order to discharge the surety from future liability. The fourth exception is overruled.

Exceptions 5 and 7. These two exceptions will be considered together. The land was not set apart to Mrs. Winnie B. Davenport as a homestead, but in lieu of her claim of dower. In relinquishing her right of dower, she gave a valuable consideration for the land set apart to her. Having given valuable consideration for the land set apart to her, it would be inequitable to allow the plaintiff to enter up judgment against her, and sell this land to pay the indebtedness of F. M. Davenport, deceased. These exceptions cannot be sustained.

Exception 6. The plaintiff's attorneys abandoned this exception, and it will, therefore, not be considered.

We come now to a consideration of the defendants' exceptions. The principles hereinbefore announced show that the questions raised by the first and second exceptions are immaterial, and need not be considered. We see no error

on the part of the Circuit Judge, as alleged in the third exception. Indeed, the defendants' attorneys, in their argument before this Court, did not discuss either the first, second, or third exceptions of the defendants.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.