## JENNINGS v. PARR.

1. BOND—INTEREST.—PAYMENT on bond properly credited as of date when made, and not to draw interest.
2. COSTS in equity are in discretion of Circuit Judge, except in the Supreme Court.

Before ALDRICH, J., Fairfield, September, 1902.   Af-firmed.

Action by Robert H. Jennings as clerk vs. Henry Parr *et al.*   From Circuit order, defendant, Parr, appeals.

25—66

*Messrs. G. W. Ragsdale* and *George Johnstone,* for appellant. *Mr. Ragsdale* cites: *Rule as to partial payments:* 2 McC. Ch., 1, 185, 207. *But under the facts here the payments in question are interest-bearing funds:* 1 DeS., 366, 489; 3 DeS., 497; 4 DeS., 110; N. & McC., 45; 1 McC., 409; 2 McC., 125; 3 McC., 498; 4 McC., 392; 1 Bail., 201; 2 Bail., 274; Dud. Eq., 85; Chev., 61; 2 Speer, 594; 4 Strob. Eq., 186; 7 Rich., 124; 13 Rich., 191; 12 S. C., 608; 15 S. C., 612; 17 S. C., 328; 30 S. C., 306; 33 S. C., 57; 49 S. C., 499; 47 S. C., 185.

*Messrs. James G. McCants* and *J. G. McDonald,* contra. *Mr. McCants* (oral argument).

June 19, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. The last decision rendered by the Supreme Court in this case is reported in 62 S. C., 306. which affirmed the decree of his Honor, Judge Gage, except as therein modified. That portion of the decree was affirmed which ordered that "the cause be remanded to the referee, W. D. Douglass, Esq., to report the amount due on the bond in accordance with the decision of the Supreme Court." The referee in his report (made in pursuance of said order) says:

."The Supreme Court, 51 S. C., page 209, says: 'The plaintiff is entitled to a judgment subjecting the land to the payment of the mortgage, for the benefit of the representatives of Mary Ann Elkin and Judith W. Ruff. This mortgage, however, should be credited with the proceeds arising from the sale of the 181 acres, to wit: $726, and with $172 of the proceeds arising from the sale of the 'Mill' tract, as of the time when said proceeds were received. Interest on the mortgage should only be calculated from the time when Wm. B. Elkin died, as he was entitled to the interest up to that time, and the amount due by him to the defendant is more than sufficient to extinguish the interest he had in the mort-

gage.' Counsel for the defendant, Parr, contends that interest on these credits should be calculated from the time they were received up to the present time, and the amount thus ascertained deducted from the amount due on the bond. * * * He further contends that the bond draws simple interest."

After stating the amounts which he finds to be due, the referee proceeds as follows:

"I find, however, and so report, that there is due the representatives of Judith W. Ruff for principal and interest on the bond and mortgage, up to and including the date of this report, the sum of $1,237.64. This is obtained by taking one-half of what was the principal of the bond, after the application of the payments aforesaid, and calculating the interest thereon from the date of W. B. Elkin's death, payable annually, thus: one-half of $1,132.93, the interest-bearing principal at the time of Wm. B. Elkin's death, which would be $566.46, and by calculating the interest on $566.46, at seven per cent. per annum, payable annually, from the 5th of April, 1890, the date of W. B. Elkin's death. it would amount to $1,237.64 at the date of this report."

The appellant filed the following exception to the report of the referee: "4. Because the referee erred, in that he should have applied to the said bond the credits of $726 arising from the sale of the 181 acres of land, and the $172 of the proceeds arising from the sale of the Mill tract, together with interest on said credits from the dates when they were received as directed by the decision of the Supreme Court."

In considering this exception, his Honor, the Circuit Judge, says: "Defendant's fourth exception is overruled, because the decision of the Supreme Court does not direct the credits of $726 and $172, 'together with interest on said credits from the date when they were received,' should be 'applied to the said bond.' The Supreme Court directed said payments to be applied upon said debt, as of the time when the said payments were received, but did not direct that interest should be allowed thereon. I don't think that the

claim of the defendant that he is entitled to have interest calculated on said payments, as stated in his said exception, is sustained by the facts or warranted by law."

The principal question presented by the exceptions is whether the Circuit Judge erred in so ruling.

This Court concurs in the conclusion announced by the Circuit Judge for the reasons stated by him.

This disposes of all the exceptions except those relating to the payment of costs. It is not contended by the respondent that the Circuit Judge had any reference in his decree to the costs of the Supreme Court. This was an action on the equity side of the Court, and all other costs were in the discretion of the Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.