CAUTHEN v. CAUTHEN.

1. APPEAL lies from an intermediate decree on the merits after final decree.
2. APPEAL—NON-RESIDENTS.—Motion of resident respondents to dismiss appeal as to non-residents, because no notice of intention to appeal was served, for the reason that they were not represented by counsel, refused.
3. LIMITATION OF ACTION—COMMITTEE OF LUNATIC—ADMINISTRATOR—ESTOPPEL.—Statute of limitations cannot be set up against an account held by a committee against the estate of his lunatic, nor to accounting by administrator for rents received by him under agreement with heirs to be applied to his account as committee, so long as he holds the office of committee and administrator, and heirs at law of deceased lunatic, who insisted on committee and administrator holding on to the said offices and renting the lands of deceased and applying rents to his accounts, when he was about to bring an action for partition and accounting, are estopped from interposing the plea of the statute.
4. ACCOUNTING—RENTS.—Under agreement between administrator, who is an heir, and other heirs at law, that he should rent lands and credit proceeds on his accounts, he should credit his share of rent as well as that of other heirs.
5. PLEADINGS.—Defendant admitting allegations of a complaint and joining in prayer, can only get such relief as the complaint suggests.

Before GARY, · J., December, 1901, and KLUGH, J., September, 1903, Lancaster. Reversed.

Action by W. B. Cauthen, as administrator of Jno. M. Cauthen *et al.*, against Emma Cauthen *et al.*, heirs at law of Jno. M. Cauthen. From Circuit decree, plaintiffs appeal.

*Messrs. Green & Hines,* for appellants, cite: *Order of Judge Gary may be appealed from after final decree:* Code Proc., 11, sub 1; 59 S. C., 49; 20 S. C., 547; 19 S. C., 607; 17 S. C., 150. *Claim of committee not barred,. (1), Committee not discharged:* 15 Rich., 22; 27 Ency., 100-3; 7 Rich. Eq., 105. *(2) There was a mutual running account:* Code Proc., 113, 131; 33 S. C., 303; 30 S. C., 617. *(3) Re-*

*spondents are estopped from pleading statute:* 7 Ency., 1;
6 S. C., 29; 13 S. C., 361; 41 S. C., 177.  (*4*) *Statute does
not run in favor of absent defendants:* Code of Proc., 121,
139, 140; 27 Ency., 289; 45 S. C., 323; 33 S. C., 303; 34
S. C., 165; 21 S. C., 245; 52 S. C., 193; 13 Ency., 744; 24
Minn., 358; 94 Ill., 543.  *Plea of statute is personal and
must be pleaded:* Code of Proc., 94; 9 S. C., 376; 16 S. C.,
378; 22 S. C., 583; 29 S. C., 254; 33 S. C., 353; 13 Ency.,
706-7.

*Mr. Ernest Moore,* contra, cites: *Appeal should be dis-
missed from order of Judge Gary:* Code of Proc., 11, 345;
32 S. C., 317; 27 S. C., 171.  *Account of plaintiff was
barred at commencement of action:* Code of Proc., 93, 112;
9 S. C., 430.

November 17, 1904.  The opinion of the Court was de-
livered by

MR. CHIEF JUSTICE POPE.  In the year 1881, William
B. Cauthen, of Lancaster County, in the State of South
Carolina, by reason of his insanity, was by legal proceedings
held to be a lunatic, and his son, John M. Cauthen, was ap-
pointed the committee of his person and estate.  William
B. Cauthen was seized of two tracts of land, one known as
"Cedar Creek tract," containing 470 acres, and the other
known as the "Duncan tract," containing 384 acres, and a
small personal estate..  The committee took possession of
all of this property and made his annual returns to the court
of probate for Lancaster County.  William B. Cauthen, the
lunatic, departed this life intestate on the 17th November,
1884, survived by ten children, as his heirs at law and next
of kin.  The said John M. Cauthen was duly appointed the
administrator of all his estate.  The administrator paid
taxes on all his lands and made his annual returns.

In 1889, when John M. Cauthen was about to institute
proceedings to come to an accounting for his actings and
doings, both as the committee and as the administrator of

the said William B. Cauthen, deceased, so as to collect a considerable sum due him by the estate of the lunatic and by the estate of his intestate, a conference was held by all of the heirs at law within this State with the said committee and said administrator; the result was that the latter agreed to rent the Cedar Creek tract for three bales of 1,200 pounds of lint cotton, and apply the proceeds of rent to his account until the year 1898, at which time he brought this action against all the heirs at law and next of kin of William B. Cauthen, deceased, both those living in this State and also those living beyond our State limits, in order to settle his accounts, to have land of intestate sold to pay the indebtedness he held against said estate, and partition the balance among the said heirs at law and next of kin, according to their legal right therein. The three plaintiffs owned three-tenths of said estate, having purchased one-tenth each, owned by Samuel Cauthen and Missouri Beckham, *nee* Cauthen. The defendants answered. One was Emma Cauthen, another was Elizabeth Cauthen, another was Elizabeth Fleming, and the children of another who was deceased, to wit: John Cauthen, Sadie Cauthen, Janie Cauthen, Paschal Cauthen and Phillip Hammond, being infants, made formal answer by their guardian *ad litem.* Upon the Court hearing a motion to that effect, Charles D. Jones, Esq., was appointed special referee to hear and determine all the issues of law and fact. The special referee took all the testimony which was offered and made his report, by which he established the amount due John M. Cauthen, and as his conclusions that the two tracts of land be sold and the proceeds applied to the payment of the claim of John M. Cauthen, and the balance be partitioned amongst the heirs at law and next of kin of William B. Cauthen, deceased.

The two adult defendants, who answered, filed exceptions to the report of the special referee, alleging therein that plaintiff's claim of $3,540.81 should not be paid, of date September 26, 1901. It is admitted that John M. Cauthen has never been discharged as committee and administrator.

These exceptions came on to be heard by his Honor, Judge
Ernest Gary. who filed the following decree on 7th De-
cember, 1901:

"This cause came on to be heard before me upon the
report of the referee and exceptions thereto by the defend-
ants, Emma Cauthen and Elizabeth Fleming, by their at-
torney, Ernest Moore. Upon hearing the exceptions and
argument thereon by the said attorney of the defendants,
and by the attorneys for the plaintiff, it is considered that
the exceptions alleging error by the referee in overruling
the plea of the statute of limitations should be sustained.

"It is, therefore, adjudged, that the claim or demand of
the plaintiff, John M. Cauthen, as against the shares of the
defendants, Emma Cauthen and Elizabeth Fleming, in the
lands described in the complaint herein, is barred by the
statute of limitations, and that the said defendants, Emma
Cauthen and Elizabeth Fleming, are entitled to their several
shares in the said lands, free and discharged from any claim
on account of the said demand in favor of the said plaintiff.

"The exceptions by the said Emma Cauthen and Elizabeth
Fleming as to the plea of the statute of limitations being
sustained, and such statute operating as a bar to the claim
of the plaintiff as against them and their several and respect-
ive shares in the said lands, it becomes unnecessary to con-
sider the other exceptions by the last named defendants to
said report, and no opinion is expressed as to same. The
referee having reported the several shares or interests of
the said Emma Cauthen and Elizabeth Fleming in the said
lands described in the complaint and sought to be partitioned
herein, but having failed to inquire and report whether the
said land could be partitioned and divided so as to allot the
said Emma Cauthen and Elizabeth Fleming their several
and respective shares in kind, it is imperative that an inquiry
shall be made upon this point.

"It is, therefore, ordered, that it be referred back to
Charles D. Jones, Esq., referee, to inquire and report as to
the practicability of so dividing the said lands as to allot

the said shares in kind, all parties having leave upon the coming in of the said report, and after due notice and the hearing of any exceptions to the same, to apply to the Court for such orders or decrees as may be necessary and proper.

"It is further ordered, that the question as to the apportionment of the costs of this action and as to what part of the same, if any, may be equitably chargeable against the defendants, Emma Cauthen and Elizabeth Fleming, be reserved for the consideration of the Court upon the coming in of the further report hereby ordered."

Charles D. Jones, Esq., made a report recommending the sale of the land.

On March 28, 1902, upon petition and by order, the complaint was duly amended by making the following parties defendants to the action, to wit: * * * These defendants all answered. Amongst other things, pleading the statute of limitations.

The plaintiff, John M. Cauthen, having died on day of August, upon petition, Judge Aldrich granted the following order of amendment:

"This is a second motion upon notice and further affidavits to substitute the administrator of plaintiff (now deceased) as plaintiff in his stead, and also to make William B. Cauthen and Arista Cauthen parties plaintiff, as alleged, grantees and successors in interest of the said John M. Cauthen. It is conceded by defendants that the motion should be granted, but it is contended that time should be allowed defendants in which to answer and traverse the allegations as to the death and administration, and as to the transfer of interest to the said grantees. It is clear that defendants are entitled to such time for answer as is here demanded. See *Cleveland* v. *Cohrs,* 13 S. C., 397; *Coleman* v. *Hiller, Id.,* 491; *Lyles* v. *Haskell,* 35 S. C., 391, 14 S. E., 829.

"It is, therefore, ordered, that the complaint herein be amended by substituting William B. Cauthen as administrator of the said John M. Cauthen, deceased, in the room and stead of the said plaintiff, and also by substituting the said.

William B. Cauthen and Arista Cauthen, as grantees and successors in interest of the said John M. Cauthen, as plaintiffs; that the complaint be amended accordingly with proper allegations; and that the same, with a copy of this order, be served upon the defendants or their attorneys. It is further ordered, that said defendants have twenty days after such service in which to answer as aforesaid."

Under this order, the action was amended by the new plaintiffs, and answers were served raising the question as to the bar of the statute of limitations. The special referee, following the conclusions of Judge Gary, upheld the plea of the statute of limitations, interposed by the defendant. Upon exceptions, Judge Klugh passed the following decree:

"This action was originally brought by John M. Cauthen, the father of the present plaintiffs, for partition of the lands of the father, William B. Cauthen, deceased, and also for a separate cause of action upon an account for board, nursing and other services rendered by him as committee of his father, who in the latter years of his life was adjudged to be of unsound mind. John M. Cauthen having died, the action is now maintained by his two sons, who allege that their father, before his death, transferred to them both his interest in the lands and also his claim constituting the second cause of action. The cause was heard by me upon exceptions on behalf of the plaintiffs to report of Charles D. Jones, Esq., as referee. In a decree heretofore pronounced by his Honor, Judge Ernest Gary, it was considered that the second cause of action is barred by statute. The referee, following this decision, so holds, and I concur in his conclusion. The exceptions raising this question are overruled.

"The only question raised by the exceptions is as to the accountability of the plaintiffs for the rents and profits received by them or their father, the said John M. Cauthen. The referee is correct in his conclusion that the plaintiffs are accountable to their cotenants for the rents so received. But the statute has been invoked by the defendants for their protection, and it is but just that its benefits should inure to

both sides. The plaintiffs will, therefore, be held to account only for the rents received by them or their father within six years prior to the commencement of this action.

"It is, therefore, ordered, that the cause be recommitted to C. D. Jones, Esq., as referee, to ascertain and report to the Court with all convenient speed the amount of rents received by the plaintiffs or their father, the late John M. Cauthen, within six years before the commencement of this action down to the date of such report, including the rent for the year 1903, if any. Let the exceptions be overruled and the report except as herein modified be confirmed."

From this decree, as well as that of Judge Ernest Gary, the plaintiffs alone appealed on the following grounds:

"1. Because, it is respectfully submitted, Judge Gary erred in holding and adjudging by his decree of date December 7th, 1901, that the claim or demand of the plaintiff, John M. Cauthen (constituting the second cause of action in the complaint), 'as against the shares of the defendants, Emma Cauthen and Elizabeth Fleming, in the lands described in the complaint herein, is barred by the statute of limitations, and that the said defendants, Emma Cauthen and Elizabeth Fleming, are entitled to their several shares in the said lands, free and discharged from any claim on account of the said demand in favor of the said plaintiffs;' whereas, he should have held and adjudged that the said claim of plaintiff was not barred by the statute of limitations (as against the shares of these two defendants in said lands), and that the several shares of these two defendants should be subjected to the payment of the said claim along with the shares of the other defendants.

"2. Because, it is respectfully submitted, his Honor, Judge Klugh, erred in finding and adjudging in his decree of 8th September, 1903, as follows: 'In a decree heretofore pronounced by his Honor, Judge Ernest Gary, it is considered that the second cause of action is barred by the statute. The referee, following this decision, so holds, and I concur in his conclusion;' whereas, he should have held, found and

adjudged that in said decree, Judge Gary considered and adjudged said cause of action barred by the statute *only as against the shares of the two defendants, Emma Cauthen and Elizabeth Fleming.*

"3. Because his Honor, Judge Klugh, erred in said decree, in concurring with Judge Gary in his holding and adjudging that the said claim of plaintiff, Jno. M. Cauthen (constituting the second cause of action in the complaint), as against the shares of defendants, *Emma Cauthen and Elizabeth Fleming,* is barred, by the statute, and that these two defendants are entitled to their several shares in the lands in question, free and discharged from the claim on account of the said demand in favor of the said plaintiffs; whereas, he should have adjudged that said claim was not barred by statute (as against the shares of the two defendants in said lands), and that the several shares of these two defendants should be subjected to the payment of the said claim along with the shares of the other defendants.

"4. Because his Honor, Judge Klugh, in his said decree, erred in holding and adjudging that the claim or demand of the plaintiffs (the successors in interest of the original plaintiff, Jno. M. Cauthen), constituting the second cause of action in the complaint as against the shares of the defendants, W. W. Cauthen, Robt. Cauthen, Gordon Cauthen, Mack Cauthen, Luther Cauthen, Mary Stough, Minor Mackey, Margaret Rhodes, J. Q. Mustin, John Mackey, Millie King, Hiram King, Frank King, Samuel King, Foster King, Justice King, William King, John King, Missouri King, Missouri Gill, Rebecca Owens, and Zilpha Buck, in the lands in question, is barred by the statute of limitations, and that these last named defendants are entitled to their several shares in said lands, free and discharged from any claim on account of the said demand in favor of plaintiffs; whereas, it is submitted that he should have held and adjudged that the said claims of plaintiffs was not barred by the statute (as against the shares of these last mentioned defendants in said lands), and that the several shares of these defendants should

be subjected to the payment of said claims along with the shares of the other defendants.

"5. Because, it is respectfully submitted, his Honor, Judge Klugh, in his said decree, erred in holding and adjudging the claim or demand of the plaintiffs—constituting the second cause of action in the complaint (as against the shares of *all the defendants* in the lands in question), is barred by the statute of limitations; whereas, it is submitted, that he should have held and adjudged that said claim of plaintiffs was not barred by statute (as against the shares of those defendants who had not set up the plea of said statute), and that the several shares of those defendants should be subjected to the payment of the said claims of plaintiffs along with the shares of the other defendants.

"6. Because his Honor, Judge Klugh, in his said decree, erred in holding and adjudging, 'that the plaintiffs are accountable to their cotenants for the rents' received by 'them or their father, the said John Cauthen, within six years prior to the commencement of the action;' whereas, he should have held and adjudged, that said rents should be credited on the said claim of plaintiffs against the said estate.

"7. Because his Honor, Judge Klugh, in his said decree, erred in holding and adjudging that plaintiffs should account to all of their cotenants for their respective shares of said rents and profits; whereas, he should have adjudged. that plaintiffs should not be required to so account to those defendants, who had answered, admitting the allegations of the complaint and joined in its prayer for relief.

"8. Because his Honor, Judge Klugh, erred in recommitting the cause to Referee Jones to ascertain and report to the Court, with all convenient speed, the amount of rents so received by the plaintiffs or their father, the late John M. Cauthen, within six years before the commencement of this action down to the date of such report, 'including the rent for the year 1903, if any;' whereas, he should have reversed the findings of the said referee as to the statute of limitations and plaintiff's accountability for rents."

Before we proceed ·to the consideration of the eighth grounds of plaintiffs, we will pass upon the motion of the defendants, respondents, to dismiss the appeal from the decree of Judge Ernest Gary. We are satisfied that the decree of Judge Gary was an intermediate decree upon the merits, and being of that character, is appealable. See section 11, note, division 1, of Code of Civil Procedure. *Hyatt* v. *McBurney,* 17 S. C., 150; *McCrady* v. *Jones,* 36 S. C., 136, 15 S. E., 430; *Capell* v. *Moses,* 36 S. C., 559, 15 S. E., 711.

To so much of the motion to dismiss the appeal for such of defendants who are absent from the State, and who have no attorney here upon whom appellants could serve a notice of appeal, we do not feel called upon to take action. All we can say is, that the shares of such respondents must be paid or retained in Court for such future action as may be necessary. The motion to dismiss the appeal is refused.

We will next consider the appellant's grounds of appeal.

1. We think Judge Ernest Gary made his mistake in holding that the statute of limitations barred the plaintiff as against Elizabeth Fleming and Emma Cauthen, by overlooking the fact that John M. Cauthen had never been discharged from the duties of his two offices as committee and administrator of W. B. Cauthen, deceased. Besides all this, we think these two defendants were estopped by their conduct in requiring the plaintiff, John M. Cauthen, to hold on to the two said offices when he was about to file his suit in the year 1889, which was before the statute was a bar. This exception is sustained.

2. We think his Honor, Judge Klugh, made the same mistake that was made by Judge Ernest Gary, as just pointed out. Besides, Judge Klugh erred when he failed to construe Judge Gary's order, dated 7th December, 1901, as only applying to the defendants, Emma Cauthen and Elizabeth Fleming; it was so expressly ruled by Judge Gary in his decree. This ground of appeal is sustained.

3. This ground of appeal of necessity must be sustained by reason of our previous holdings.

4. Of course, if the statute of limitations could not be sustained as a defense for Emma Cauthen and Elizabeth Fleming, it cannot, when made upon precisely the same grounds, be sustained, for the defendants enumerated in this ground of appeal.    It is sustained.

5. This ground of appeal is sustained for the reasons already given.    Section 121 of the Code of Procedure of this State shows this also.

6. Inasmuch as we have held that the claims of plaintiff for over $3,500 was a valid claim, and inasmuch as said John M. Cauthen should pay seven-tenths of the rents and profits of the land known as "Cedar Creek lands" to the defendants, we hold that seven-tenths, with his own three-tenths, should be credited upon said claim.    This ground of appeal is sustained.

7. When a defendant admits the allegations of a complaint and its prayer, he is only entitled to have such relief as the complaint suggests.    This ground of appeal is sustained.

8. Of course, this ground of appeal must be sustained. This follows from what has already been held.

It is the judgment of this Court, that the decretal order of Judge Ernest Gary, dated the 7th December, 1901, and also the decretal order of Judge Klugh, dated the 8th day of September, 1903, be and the same are reversed; and it is further adjudged, that the action be remanded to the Circuit Court to formulate its decree, carrying out the report of special referee, Charles D. Jones, Esq., dated the 26th September, 1901, with such modifications as to names of parties as may be necessary.