7015

CAUTHEN v. CAUTHEN.

1. COSTS.—Under facts in this case, it is not an abuse of discretion in trial Judge to order costs of litigating an account against an estate by certain heirs paid out of estate funds.

2. IBID.—APPEAL.—IN EQUITY cases, costs on appeal are always taxed against losing party, and chancellor has no power to make a contrary direction.

3. IBID.—Where land is readvertised for sale by clerk on account of contention between him and bidder as to method of complying with bid, and contention of bidder is sustained, the costs should be taxed against the general fund and not against the bidder.

4. IBID.—In contest between client, an heir, and attorney as to fee in establishing a claim against an estate, costs of witnesses on this issue should not be taxed against the general fund, nor should costs in main case be held in abeyance until this issue is settled, but the costs should be paid as in a separate suit, according to the order of the Court.

Before WILSON, J., Lancaster, October, 1907. Modified.

From taxation of costs in W. B. Cauthen, administrator, and Arista Cauthen against Alexander Cauthen *et al.*, W. B. Cauthen appeals.

*Messrs. W. C. Hough* and *R. B. Allison,* for appellant, cite: *Costs of appeal follow result in all cases:* 45 S. C., 4; 47 S. C., 150, 163. .

*Mr. Ernest Moore,* contra.

September 11, 1908. The opinion of the Court was delivered by

MR. JUSTICE JONES. This appeal is from an order of the Circuit Court affirming the taxation of costs by the clerk. The action was for the sale and partition of the lands of the estate of W. B. Cauthen among plaintiff and defendants and the establishment against said estate of a claim held by plaintiff, W. B. Cauthen. The main litigation arose from the contest of this claim by the defendants. A full history of the litigation in the case may be obtained by reference to 70 S. C., 167, 49 S. E., 321, and 76 S. C., 226, 56 S. E., 978. In the motion before the clerk for taxation, the costs and disbursements were divided into three classes, A, B and C. Class A, amounting to $222.15, admittedly represents general costs and disbursements, and no objection is raised to taxation of same against the general fund. Class B, amounting to $226.70, represents $134.90, costs and disbursements in Circuit Court, and $91.80, costs and disbursements in the Supreme Court (70 S. C., 167, 49 S. E., 321), which were taxed as general costs, but which appellant contends should have been taxed against the defendants, Alexander Cauthen and others, represented by Ernest Moore, Esq., as the losing parties; but, in any event, that the amount of the Supreme Court costs and disbursements should have been so taxed. Class C represents $5, witness fees in the contest between Green & Hines and W. B. Cauthen, which

the Court held was not properly taxable against any parties and should await the determination of litigation between W. B. Cauthen and Green & Hines, but which appellant contends should have been taxed against Green & Hines. Class C also represents $12, taxed by the clerk against W. B. Cauthen, as expenses of readvertising land for sale on his failure to comply with his bid on former sale, which appellant contends should have been taxed against Green & Hines.

First, as to Circuit Court costs.

This being a cause in equity, liability for the costs of the Circuit Court is generally controlled by the decision of the Circuit Judge. *Williams* v. *Jones,* 74 S. C., 281; 34 S. E., 558. The exercise of the Court's discretion in such matters will not be interfered with except for a clear abuse of discretion or for violation of some principle of law. The ordinary rule, that costs must be taxed in favor of the prevailing party against the losing party is not necessarily binding on the chancellor, and is only effective in equity cases when not otherwise ordered by the Court. Sec. 323, Code Civil Procedure. As this was an action for partition of land between plaintiff and defendants as tenants in common, and for the establishment of a large claim against the common estate in favor of plaintiff, W. B. Cauthen, the Circuit Court may have considered that the other tenants in common contested this claim in good faith for the benefit of all interests therein as tenants in common and that the estate of W. B. Cauthen, deceased, was interested in the due establishment of its liability for the claim, and, therefore, that it was not inequitable for such costs to be taxed against the estate or general fund, rather than against the share of the defendants therein. We cannot say that there was any abuse of discretion or violation of any rule of law in so doing. It follows from these views that the Circuit Court costs and disbursements in class B must stand as taxed.

With respect to the Supreme Court costs and disbursements as specified in Class B, a different rule prevails. It has been settled by a number of decisions that, even in equity cases, costs and disbursements in the Supreme Court are taxed in favor of the prevailing party against the losing party, on said appeal, and that the Circuit Judge or Chancellor has no power or discretion to make a contrary direction. *Hall* v. *Hall,* 45 S. C., 167, 22 S. E., 818; *Cunningham* v. *Cauthen,* 47 S. C., 164, 25 S. E., 87; *Jennings* v. *Parr,* 66 S. C., 388, 44 S. E., 962. Rule 40 of the Circuit Court prescribes how judgment for such costs shall be entered. The Supreme Court costs specified in class B, amounting to $91.80, should, therefore, have been taxed in favor of plaintiff against the defendants represented by Ernest Moore, Esquire, the plaintiff having prevailed on said appeal.

With respect to costs in Class C.

Taxing $12 against W. B. Cauthen, as the expenses of readvertising the sale of land, because of his failure to pay his whole bid in cash, seems so arbitrary that it should not stand. The result of the litigation vindicated him in his offer to pay said bid after crediting same with his distributive share in the surplus proceeds of sale and the allowance of the balance due him on his judgment. Said expenses of readvertising should, therefore, have been taxed as general costs, in the absence of some reason for a different disposition. The witness fees of five dollars were incurred solely in the contest between W. B. Cauthen and Green & Hines, as to the fee of the latter. These costs should not be taxed as general costs, since the other defendants are not concerned in the controversy, and to this extent the clerk was right. He erred, however, in holding these costs in abeyance until the determination of the pending suit between W. B. Cauthen and Green & Hines. The latter is a separate and independent suit, and the costs in this case should be taxed and paid without regard to the

result of that suit. Either W. B. Cauthen or Green & Hines should pay these costs, and since Green & Hines were the losing parties in this particular controversy, they should pay these costs in the absence of a contrary direction by the Circuit Court, based on some equitable consideration.

The judgment of the Circuit Court. is modified in the particulars specified, and affirmed in other respects, and the case remanded for adjustment in accordance with the views herein announced.